MONTANA ORE PURCHASING COMPANY ET AL., RESPONDENTS, *v.* BOSTON & MONTANA CONSOLIDATED COPPER & SILVER MINING COMPANY, APPELLANT.

(No. 1,720.)

(Submitted January 20, 1903.    Decided February 6, 1903.)

*Injunction—Trespasses on Mining Claims—Previous Injunction—Remedy.*

An owner of a mining claim secured a decree adjudging to it extralateral rights, and enjoining trespasses thereon by an adjoining owner. Afterwards, with a coplaintiff, it sued the same defendant to quiet title to, and enjoin trespasses on, lodes alleged to fall within the purview of the former decree, and on this allegation of *res adjudicata* plaintiffs secured a temporary injunction. *Held* error, plaintiffs' remedy being to enforce the original decree by contempt proceedings.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

SUIT by the Montana Ore Purchasing Company and another against the Boston & Montana Consolidated Copper & Silver Mining Company. From an order granting a temporary injunction, defendant appeals. Reversed.

*Messrs. Forbis & Evans,* for Appellant.

*Messrs. McHatton & Cotter,* and *Mr. James M. Denny,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order granting a temporary injunction. The action was brought by the plaintiffs to obtain a decree quieting title to certain ore bodies beneath the surface of the Pennsylvania (patented) lode claim, situate in Silver Bow county.

The plaintiffs allege that they are the owners, in possession and entitled to the possession, of portions of the Rarus and Johnstown (patented) lode claims, immediately to the north of the Pennsylvania claim; that the end lines of these claims are parallel; that there are certain veins having their apices therein, and passing through the end lines thereof; that these veins also pass through the portions of said claims owned by the plaintiffs; that they so far depart from the perpendicular in their descent into the earth that they pass beyond the south side lines of the Rarus and Johnstown claims, and enter beneath the surface of the Pennsylvania claim; that, by virtue of their ownership of the apices of the veins within their boundaries, the plaintiffs are entitled to extralateral rights upon the vein between planes passing through the end lines of the portions owned by them; and that the defendants in January, 1900, wrongfully and without the consent of the plaintiffs entered upon certain portions of said vein beneath the Pennsylvania claim, and extracted and removed therefrom large quantities of valuable ore. The complaint then proceeds: "Plaintiffs further allege that heretofore the above-named plaintiff, Montana Ore Purchasing Company, brought an action in the district court of the Second judicial

district of the state of Montana, which action is numbered 7,337 of the files of said court, against the above-named defendant, for the purpose of establishing its right to the premises hereinbefore described and owned by it, and to all of the before-mentioned veins, leads, lodes, ledges, and mineral deposits throughout their entire depth within the planes hereinbefore described; that said defendant appeared and answered therein, and that thereafter said cause was duly and regularly tried by said court; and that said court on or about the 28th day of December, 1899, made and entered its findings of fact and conclusions of law therein in favor of said plaintiff, and thereafter, and on or about the 14th day of February, 1900, duly made and entered its judgment and decree therein adjudging said plaintiff to be the owner, in possession and entitled to the possession, of all of the same, and decreeing that the defendant had no right thereto, and that its claim was without any foundation, and entering a permanent injunction against said defendant, forever enjoining it from asserting any claim thereto, or interfering with the right or possession of the said plaintiff therein. And plaintiffs allege that the portion of said vein or veins, lead, lode, or mineral deposit, upon which the defendant has entered as aforesaid, are a part of and belong to the vein or veins, leads, lodes, ledges, and mineral deposits which in the action aforesaid were adjudged to belong to the plaintiff therein." It is further alleged that notwithstanding their ownership of said veins and ore bodies, and notwithstanding said decree, the defendant has continued and still continues to claim some title or interest in the said veins, and that such claim is without right; that the plaintiffs cannot have their title determined by one or more actions at law, but that, as development of the mine progresses, it will be necessary to bring many actions, owing to claims, which defendant will set up, that the successive ore bodies discovered are not portions of the veins and ledges adjudged to belong to plaintiffs. The complaint concludes with a prayer that the plaintiffs' title to said ore bodies be quieted, and that the defendant, and all persons claiming or to claim through or under it, be forever enjoined from asserting any right or title thereto.

In a second cause of action the foregoing allegations are repeated, with an additional averment that the defendant is continuing its trespasses upon the property, thus destroying the estate; the purpose of this cause of action being to obtain an injunction to preserve the property pending litigation.

Upon the filing of the complaint, supported by the affidavit of one of the engineers of the plaintiffs, an order was issued requiring defendant to show cause why an injunction should not issue. The defendant having filed its answer, a hearing was had upon affidavits and oral evidence. On the part of plaintiffs the effort was made to show that the ores in controversy were within the terms of the decree referred to in the complaint. The defendant endeavored to show that they were not within the issues in that case, and therefore the ownership of them was not adjudicated in the decree. The decree referred to was rendered in *Montana Ore Purchasing Co.* v. *Boston & M. Consol. Copper & Silver Min. Co.*, 27 Mont. 288, 70 Pac. 1114. The hearing was had upon this issue, and the order was made upon the theory that the evidence sustained the contention of the plaintiffs. It is upon this theory, also, that the plaintiffs maintain in this court that the order was properly made, and should be affirmed.

It is urged by the defendant (and properly, we think) that the complaint does not state a case warranting the issuance of an injunction. If, it argues, it be a fact that the ore bodies in controversy were decreed in that action to belong to the plaintiffs, then there is no reason why the district court should, immediately or soon after entering its decree, entertain another suit to quiet the title to the same property against claims made by the same defendant, instead of enforcing the decree already rendered with respect thereto. The decree upon which the plaintiffs predicate their claims was entered on February 14, 1900. The complaint in this case was filed on April 13, 1901. The order was made on June 22, 1901. If the facts be as they are alleged by plaintiffs, then the defendant has no title to or interest in the matter involved; and this action amounts to nothing more than an attempt to obtain an injunction to restrain the defendant from violating an injunction already obtained,

perpetually enjoining it from asserting any adverse claim to the subject of the litigation. The way is open to the plaintiffs to enforce summarily the decree by contempt proceedings, and to enforce it effectually; otherwise another suit will be necessary to enforce the decree obtained at the end of the present controversy, and so on indefinitely. There must be an end of litigation over the same subject-matter between the same parties somewhere and at some time, whereupon the parties must be left to the summary enforcement of their rights as declared by the courts under proper process. It is true, the decree in question was obtained in favor of the Montana Ore Purchasing Company, only one of the plaintiffs in this case. The other plaintiff was not a party to it, it seems, and it does not appear what its interest in the property is; but whether it be an interest in the property which existed at the time the judgment was rendered, or one that has arisen since the date of it, the result is the same. Both plaintiffs claim the benefit of the decree, and base their claim to the injunction upon an alleged violation of it. Their rights on this appeal must stand or fall by the decree. If the ownership of the ore bodies in controversy was not adjudicated in the decree of February, 1900, then the decree, and the terms of it, are matters entirely immaterial to this controversy. If they were so included, then the plaintiffs have a speedy, complete and adequate remedy to enforce their rights by contempt proceedings, but no right to an injunction.

The order is reversed.

*Reversed.*