BAKER ET AL., APPELLANTS, *v.* BUTTE WATER CO., RE-
SPONDENT.

(No. 2,779.)

(Submitted February 25, 1910. Decided March 5, 1910.)

[107 Pac. 819.]

*Ejectment —Complaint—Sufficiency— Contempt Proceedings—*
*Writ of Possession—When Improper Remedies.*

Complaint—General Demurrer—When Improper.
1.   Where a complaint discloses that plaintiff is entitled to any relief,
a general demurrer to it cannot be sustained.

Ejectment—Complaint—Sufficiency.
2.   A complaint alleging that plaintiffs are, and at all the times in
the complaint stated have been, the owners and entitled to the
immediate possession of the premises described, and that defendant
wrongfully entered thereon and ousted the plaintiffs therefrom, and
has ever since continued in the wrongful possession thereof, states a
cause of action in ejectment.

Same—Writ of Possession—When Improper Remedy.
3.   After a party, adjudged to be entitled to the possession of real
property, has obtained possession under a writ issued in execution
of the decree, he may not, on being ousted by his adversary, again
resort to the writ of possession; his remedy lies in contempt pro-
ceedings.

Same—Writ of Possession — Contempt Proceedings — When Improper
Remedies.
4.   Neither contempt proceedings nor a writ of possession were proper
remedies to restore plaintiff in an ejectment suit, to the possession
of premises adjudged to belong to him and from which he alleged he
was ousted by the successor in interest of the defendant in the pre-
ceding action, under the assertion of a right not adjudicated thereto-
fore; since proceedings in contempt could not be resorted to to deter-
mine a claim not affected by the previous decree, and the writ of
possession could only restore him to the rights adjudged to him by it.

*Appeal from District Court, Silver Bow County; John B. Mc-*
*Clernan, Judge.*

ACTION by Ben Baker and another against the Butte Water
Company. From a judgment for defendant rendered on sus-
taining a general demurrer to the complaint, plaintiffs appeal.
Reversed and remanded.

*Mr. J. E. Healy* submitted a brief in behalf of Appellants, and
argued the cause orally.

In behalf of Respondent, there was a brief by *Messrs. Forbis & Evans,* and oral argument by *L. O. Evans.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On August 1, 1899, Ben Baker recovered judgment in the district court of Silver Bow county against the Butte City Water Company, a corporation, by which Baker was adjudged to be the owner and entitled to the possession of the Keynote quartz lode mining claim, then in the possession of the water company. On appeal to this court the judgment was affirmed. (*Baker* v. *Butte City Water Co.,* 28 Mont. 222, 104 Am. St. Rep. 683, 72 Pac. 617.) By writ of error the cause was taken to the supreme court of the United States, where on January 3, 1905, the decision of this court was affirmed. (*Butte City Water Co.* v. *Baker,* 196 U. S. 119, 25 Sup. Ct. 211, 49 L. Ed. 409.) Some four years after the mandate from the supreme court of the United States had been received by the clerk of this court, and the *remittitur* from this court had been filed in the office of the clerk of the district court of Silver Bow county, Ben Baker and Mary Healy commenced this action against the Butte Water Company, a corporation. In the amended complaint it is alleged that Mary Healy has become the owner of a one-half interest in the judgment obtained by Baker against the Butte City Water Company, and that the plaintiffs are, and at all the times mentioned in the complaint were, the owners and entitled to the immediate possession of the premises referred to above, which premises are described. Sufficient facts are then alleged to show that the Butte Water Company is the successor in interest of the Butte City Water Company, and is bound by the judgment obtained by Baker to the same extent that the Butte City Water Company was bound. The complaint then alleges that on or about September 1, 1908, the defendant, Butte Water Company, entered upon the premises mentioned, took possession thereof, and ousted and ejected the plaintiffs therefrom, and has since continued wrongfully and unlawfully to withhold possession

from the plaintiffs. It is then alleged that the defendant, Butte Water Company, now asserts some claim or right to the possession of the premises, adverse to plaintiffs, which claim or right, it is asserted by the defendant company, is different from any litigated in the case of *Baker* v. *Butte City Water Company;* but plaintiffs allege that any claim now asserted by the defendant is without right, and was in fact litigated and determined adversely to the defendant in the former action. To this amended complaint the defendant water company interposed a general demurrer, which was sustained, and the plaintiffs, having declined to plead further, suffered judgment to be entered against them, and appealed to this court.

We have said repeatedly that, if a complaint discloses that plaintiff is entitled to any relief whatever, a general demurrer to it cannot be sustained. (*Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49; *Raymond* v. *Blancgrass,* 36 Mont. 449, 93 Pac. 648, 15 L. R. A., n. s., 976; *Hoskins* v. *Northern Pacific Ry. Co.,* 39 Mont. 394, 102 Pac. 988.) The amended complaint in this action alleges that the plaintiffs are, and at all the times in the complaint stated have been, the owners and entitled to the immediate possession of the premises described therein; that the defendant wrongfully entered upon the premises and ousted the plaintiffs therefrom, and ever since has continued in the wrongful possession of the same. These allegations are sufficient to state a cause of action in ejectment. (*Billings* v. *Sanderson,* 8 Mont. 201, 19 Pac. 307; *City of Butte* v. *Mikosowitz,* 39 Mont. 350, 102 Pac. 593.)

But respondent contends that the other allegations in the complaint disclose that the plaintiffs have an ample remedy by the simple expedient provided by law for enforcing the former judgment, a writ of possession, or by contempt proceedings instituted under section 7310 of the Revised Codes, and therefore this present action is wholly unnecessary, and tends only to annoy and vex the defendant company. If the plaintiffs have never been in possession of the premises since the judgment in the former action became final, of course the writ of possession

would be altogether adequate to secure to them the possession awarded in that action; and, while the amended complaint in the present instance does not in express terms allege that the remedy by that writ has been invoked and possession obtained under it, it would seem that no other fair inference is deducible from the pleading, since it alleges an ouster in 1908, which could not have occurred unless the plaintiffs were then in possession. And, if the writ was in fact issued and plaintiffs restored to possession under it, another writ would not issue, but plaintiffs would be left to their remedy by contempt proceedings under section 7310. But, assuming that the writ was not issued in execution of the former judgment, it could now only restore plaintiffs to the rights adjudged to them by that judgment; and assuming, further, that the former action determined, not only all matters directly in issue between the parties, but also such other matters as they might have litigated which were incident to, or essentially connected with, the matters directly in issue, it is manifest at once that it could go no further. As was well said by this court in *Meyendorff* v. *Frohner*, 3 Mont. 282: "A party who has been adjudged to deliver possession of land to another claimant is not estopped from purchasing, subsequent to the action in which the right to such possession was determined, an outstanding title, and asserting again his right to the possession of the same." If the allegation of the amended complaint is true, that the defendant Butte Water Company is asserting that it claims possession of the premises under a right which was not adjudicated in the former action, and if it should develop that such contention is true and the claim valid, then clearly the execution of a writ of possession against that defendant would operate to deprive it of its property without due process of law; and for the same reason contempt proceedings would be unavailing and altogether improper. If the allegation of the amended complaint is true, then we must assume in the first instance that the claim so asserted by the defendant company is made in good faith, and, to determine such a claim, there must be proper issues presented by appropriate pleadings

in a proper action. Speaking to this particular subject, this court in *State* v. *District Court,* 30 Mont. 96, 75 Pac. 956, said: "Where the title to property has been once finally adjudicated, and it appears from the judgment record, or from the record supplemented, if necessary, by evidence identifying the subject matter, that this is the case, and that the defendant has been enjoined from further interference, contempt proceedings must be resorted to. (*Montana Ore Purchasing Co.* v. *Boston etc. M. Co.,* 27 Mont. 410, 71 Pac. 403.) This was held in the case cited with reference to the same veins now in controversy, the theory of this court being that, as the complaint alleged ownership in the plaintiff under the decree rendered in the *Pennsylvania Case,* (*Montana etc. Co.* v. *Boston etc. M. Co.,* 27 Mont. 288, 70 Pac. 1114), it would be most effectively enforced to prevent trespass in violation of the injunction contained therein by contempt proceedings, these furnishing a complete and adequate remedy. Now, it appears that the claim made in that case is not true, and that contempt proceedings have been resorted to to adjudicate and settle title to property in no way affected by the decree. This may not be done. Such proceedings are not appropriate. For this purpose there must be issues presented by formal pleadings in an appropriate form of action at law or in equity, after due notice, when the parties may be heard in the usual way. And it must always be the case where there is a *bona fide* controversy as to ownership of property which has not been adjudicated; otherwise a party might be summarily deprived of his property without due process of law."

In passing, we may say that it appears to us, however, that the plea of former adjudication contained in the amended complaint might very well be treated as a mere deraignment of plaintiffs' title and unnecessary, since there is a statement of a cause of action for an ouster which occurred long after the former judgment became final; but, viewed in any light, we think the complaint states facts sufficient to constitute a cause of action, and was therefore proof against a general demurrer.

The judgment is reversed and the cause is remanded to the district court, with directions to vacate the order heretofore made and overrule the demurrer.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.