CALIXTO BORGES MASSAS, Petitioner and Appellant, *v.* LUIS JANER LANDRÓN, JUDGE OF THE DISTRICT COURT OF HUMACAO, Respondent and Appellee.

No. 8455. Argued February 11, 1942.—Decided February 19, 1942.

*Antonio L. López* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The petitioner and appellant brought, in the District Court of Humacao, an action of unlawful detainer at sufferance against Fabriciana Dávila. After the dispossession had been decreed and a writ for the execution of the judgment issued, the marshal evicted the defendant from the house the subject of the action. Shortly after the plaintiff had been placed in the actual possession of the house, the defendant re-entered the premises. Thereupon the plaintiff filed a motion praying that the defendant be punished as for contempt. The lower court, after hearing the parties as to the propriety of the relief sought, entered the following decision:

"Subdivision 4 of Section 7 of the Code of Civil Procedure in force has no application to this case, since there is not involved any re-

fusal to comply with a pending judgment or order, but only an act performed after the execution of an order of eviction issued, which act is made punishable as a misdemeanor by Section 159 of the Penal Code in force, without there being any provision in the. Unlawful Detainer Act which would empower this court to punish as for contempt an act of this kind; and it is a principle accepted by the authorities that, in the absence of an express statutory provision, such an act is not punishable as for contempt. 9 R.C.L., p. 936; p. 937, sec. 107; also the opinion of Manresa in his *Comentarios al Código de Enjuiciamiento Civil,* in the volume and chapter dealing with unlawful detainer (*desahucio*).

"For the reasons stated the court does hereby deny the motion of the plaintiff, as, under the circumstances of the present case, this court lacks any inherent or statutory power to punish the defendant for contempt. Let notice hereof be served. Humacao, Puerto Rico, July 21, 1941. (Sgd.) Luis Janer Landrón—District Judge."

On September 30, 1941, the petitioner-appellant presented to Mr. Justice Todd, Jr., who at that time was serving as Acting Judge in Vacation of this court, a petition for a writ of mandamus praying that the order rendered by the respondent judge be set aside, and further, that "it should be decreed that the defendant in reoccupying the property from which she had been evicted is guilty of contempt."

After an alternative writ of mandamus had been issued, the respondent judge appeared and answered the petition. He admitted the facts set forth therein and alleged by way of special defense that said facts were not sufficient to justify the issuance of the peremptory writ sought. In support of the order rendered by him, the respondent judge alleged as follows:

"In regard to contempt there are now in force in Puerto Rico the following statutory provisions:

"(a) Sections 28 and 29 of the Code of Civil Procedure in force.

"(b) The special law of contempt, Sections 45 and 145 of the Penal Code, Section 61 of the Code of Criminal Procedure.

"The first of those sections upholds the principle that a criminal act is no less punishable as a crime because it is also declared to be punishable as a contempt. In other words, the act which is now

sought to be punished as a contempt, would not be less. punishable as such because of the existence of Section 159 of the Penal Code in force, which also punishes it as a misdemeanor.

"(c) Section 145 of the Penal Code which, by its subdivision 2, clearly and definitely regards as contempt a wilful disobedience or resistance offered to or exerted against any lawful writ, mandate, or order issued or made by any court in a suit or action pending therein.

"Section 29 of the Code of Civil Procedure empowers the court to punish as for contempt any disobedience of its lawful orders as provided in said code. This provision is closely connected with subdivision 4 of Section 7 of our Code of Civil Procedure in force, equivalent to Section 128 of the California Code, which upholds the authority or power of every court to compel obedience to its judgments, orders, and process, and to the orders of a judge out of court in an action or proceeding pending therein.

"(d) Section 61 of the Code of Criminal Procedure in force, which vests the justices of the peace and also the municipal judges with power to punish for contempt committed before them in the exercise of their judicial duties, and provides for the corresponding punishment. This section is not at all applicable to the present case.

"There is not the slightest doubt, and it is so inferred from the very contentions of the petitioner, that the only statutory provisions involved in this controversy are Sections 7, 28, and 29 of the Code of Civil Procedure, and Section 145 of the Penal Code in force.

"It is unquestionable that if this court has lawful authority or power to punish as for contempt in a situation such as the one presented herein, its duty was and is to take jurisdiction of the case and to summon the defendants and hear them, and finally decide the case on its merits; but if on the contrary, as we hold, much to our regret, this court lacks power to impose punishment for contempt in such a situation, then it can not and should not take jurisdiction of the case, where from the facts invoked as constituting contempt it appears, in the light of our legislation, that said facts even though admitted as proven, can not constitute contempt, as an finally order and process already executed are involved.

" *        *        *        *        *        *        *

"In the case of *Loring* v. *Illsley,* 1 Cal. 24, it was held as follows:

" 'Where a process of a court, as an execution, commanding the sheriff to deliver possession of a chattel, had been finally and com-

pletely executed, the power of the sheriff under it, and the authority of the court to enforce it, cease: and a wrongdoer, afterwards trespassing upon the person thus put in possession, cannot be deemed guilty of contempt. for disobedience to the process of the court.'

"That decision, although rendered in a situation which is not exactly the same as that presented herein, with respect to the character of the property involved, is in our judgment applicable to the present case. It should be noted that the cited case was decided in February 1850, and it may readily be seen that the disobedience alleged as a basis for the contempt proceedings instituted, is similar to the one covered by subdivision 4, Section 7 of our Code of Civil Procedure, equivalent to Section 128 of the California Code.

"Subsequently, in the year 1862, there was enacted a law to specifically punish as for contempt acts of the same character as those involved in this litigation, and it is since that date that the remedy by contempt has been used jointly with the correlative provision of the Penal Code which defines similar acts as misdemeanors; all this in virtue of the statute above mentioned.

"The Act of 1862, which provides that a person who re-enters upon a property from which he has been dispossessed by a judgment and process of the court is guilty of contempt, was designed 'not only to protect the court itself from contempt of its authority, but also to give to the injured party an additional remedy in the action for the restoration to him of what he was entitled to by the judgment.' (*People* v. *Dwinelle,* 29 Cal. 633. See also *Batchelder* v. *Moore,* 42 Cal. 412.)

"There is also in California Section 1210 of the Code of Civil Procedure—no similar provision exists in Puerto Rico—which likewise specifically and definitely provides for punishment as for contempt, independently of the punishment provided by Section 419 of the Penal Code of said State, equivalent to Section 159 of our code, which also punishes as a misdemeanor the acts involved in this case. (*Temple* v. *Superior Court,* 70 Cal. 211.)

"From the historical summary we have made of the legislation and decisions pertinent to this case, it clearly appears that it was not until the year 1862 that by virtue of the express provision of the statute in California the courts of said State were vested with authority and power, and hence with jurisdiction, to punish as for contempt in cases similar to the one involved in this proceeding.

"We have not intended to disregard the Spanish law and jurisprudence because, as stated by this court on various occasions, our law of unlawful detainer partakes more of the Spanish than of the

American type of legislation, and in this connection Manresa in his work *Comentarios al Código de Enjuiciamiento Civil*, p. 52, clearly expresses his opinion that where the owner of an immovable, after the person dispossessed has been evicted, is disturbed in his possession, the remedy available to him is an application to the court for an injunction or the proper plenary action.

"There is no provision in our law of unlawful detainer which would authorize the punishment as for contempt of a defendant who performs the acts involved herein. On the other hand, in cases of injunction to recover the possession of real property the law expressly provides that such injunction shall direct that the plaintiff be restored to possession and shall require the disturber to abstain in the future from the commission of such acts, or of others which show the same intent, and shall warn him that disobedience of said injunction shall constitute contempt of court. (Sec. 695, Code of Civil Procedure. See also Section 9, Act to Secure the Effectiveness of Judgments, Code of Civil Procedure, p. 100.)

On November 1, 1941, the acting judge in vacation rendered judgment denying the petition and discharging the writ issued. Feeling aggrieved by that decision, the petitioner took an appeal to the full court.

We are of opinion that the judgment rendered by the acting judge in vacation must be affirmed, and, consequently, that the order of the judge of the lower court, refusing to punish the defendant as for contempt in the action of unlawful detainer, must be sustained as being in accord with the law and the decisions.

Besides the citations made by the district judge in his brief which we have transcribed, because we regard them as a correct exposition of the applicable law and jurisprudence, we deem it advisable to incorporate in this opinion the following paragraphs which we copy from the opinion that served as a basis for the judgment of the acting judge in vacation:

"In 18 American Jurisprudence 114, the following doctrine is stated:

" 'A writ of possession does not and cannot command the officer who executes it to maintain the successful litigant in possession or

prevent the commission of trespasses by others on his property after being placed in possession under the writ by the officer, and in the case of re-entry by the defendant, the plaintiff must resort to the appropriate remedy to recover possession.'

"And on page 116, the following is said:

" 'Since a second writ of possession cannot be issued after the first has been duly executed, if, after the plaintiff has been actually put in possession of the premises, the defendant retakes possession thereof, the plaintiff cannot resort to a new writ on the satisfied judgment, his remedy must be by another action of ejectment or by forcible entry and unlawful detainer or by such local statutory mode of procedure as may be provided by the laws of the state.'

"That the remedy for a situation such as the one arising from the case at bar is legislative action, as was done in California in 1862 after the decision in the case of *Loring* v. *Illsley, supra,* is acknowledged in 18 Am. Jur. 117, where it is said:

" 'In some jurisdictions the effectiveness of a writ of possession is aided by statutory provisions to the effect that every person dispossessed or ejected from any real property by the judgment or process of any court of competent jurisdiction who, not having the right so to do, re-enters into or upon, or takes possession of, any such real property or induces or procures any person not having the right so to do or aids or abets him therein is guilty of a contempt of the court by which such judgment was rendered or from which such process issued.'

"Thus we see that in the State of Montana there is a statute similar to that of California, for in the case of *Baker* v. *Butte Water Co.,* 107 Pac. 819, it was held as follows:

" 'Where a writ of possession to enforce a judgment awarding possession was issued, and the successful party was restored to possession, another writ would not issue after such party had been ousted, but he would be left to his remedy by contempt proceedings under Rev. Codes, sec. 7310.' "

The judgment appealed from must be affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.