CALIXTO BORGES MASSAS, peticionario y apelante, *v.* HON. LUIS JANER LANDRÓN, JUEZ DE LA CORTE DE DISTRITO DE HUMACAO, demandado y apelado.

Núm. 8455.—*Sometido:* Febrero 11, 1942. *Resuelto:* Febrero 19, 1942.

*Antonio L. López,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados del apelado.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

El peticionario y apelante radicó ante la Corte de Distrito de Humacao una demanda de desahucio en precario contra Fabriciana Dávila. Decretado el desahucio y librado el mandamiento para la ejecución de la sentencia, el márshal lanzó a la demandada de la casa objeto del desahucio. Poco después de haber sido entregada la posesión material al demandante, la demandada penetró de nuevo en la casa. El demandante radicó entonces una moción solicitando se procesara a la demandada por desacato. La corte inferior, después de oír a las partes en cuanto a la procedencia del remedio solicitado, resolvió:

"El artículo 7 en su inciso 4 del vigente Código de Enjuiciamiento Civil, no es aplicable a este caso, puesto que no se trata de una desobediencia al cumplimiento de una sentencia u orden por cumplir, y sí a un acto realizado después de ejecutada la orden de lanzamiento librada al efecto, cuyo acto lo hace punible como *misdemeanor* el art. 159 del vigente Código Penal, sin que exista en la Ley de Desahucio disposición alguna que faculte a esta corte a castigar por desacato un acto de esta naturaleza, y es un principio aceptado por las autoridades, que a falta de una disposición expresa del estatuto, un acto semejante no es procesable como desacato. (9 R.C.L. pág. 936, sección 105; sec. 107 pág. 937, además, la opinión de Manresa en su obra Comentarios al Código de Enjuiciamiento Civil, en el tomo y capítulo correspondientes a desahucio.

"Por las razones antes expuestas la corte declara sin lugar la moción del demandante, por carecer esta corte, dentro de las circunstancias del presente caso, de facultad inherente ni estatutaria para castigar por desacato a la demandada. Notifíquese. Humacao, P. R., julio 21, 1941. (Fdo.) Luis Janer Landrón—Juez de Distrito."

En septiembre 30, 1941, el peticionario apelante radicó ante el Juez Asociado de esta Corte Suprema, Sr. Todd, Jr., quien en aquella fecha actuaba como juez de turno, una solicitud de *mandamus* en la que pedía se decretase la nulidad de la resolución dictada por el juez recurrido, y además, que "se decrete que la demandada al ocupar de nuevo la propiedad de la cual se desahució, incurrió en desacato".

Expedido el auto alternativo de mandamus, compareció el juez recurrido y contestó la petición admitiendo los hechos en ella expuestos y alegando como defensa especial que dichos hechos son insuficientes para justificar la expedición del auto solicitado. En apoyo de la resolución por él dictada, el juez recurrido alegó:

"En materia de desacato rigen en Puerto Rico en la actualidad los siguientes preceptos estatutarios:

"(a) Artículos 28 y 29 del vigente Código de Enjuiciamiento Civil.

"(b) La ley especial referente a desacato, artículos 45 y 145 del Código Penal, y el artículo 61 del Código de Enjuiciamiento Criminal.

"El primero de estos artículos sostiene el principio de que un acto criminal no deja de ser penable como crimen por ser también penable como desacato. En otras palabras, el acto que aquí se pretende castigar por desacato, no dejaría de ser punible como tal, no obstante existir el artículo 159 del vigente Código Penal que también lo castiga como misdemeanor.

"(c) El artículo 145 del Código Penal el que de una manera clara y terminante en su inciso 2do., considera como desacato la obstinada desobediencia, oposición intentada o realizada contra cualquier decreto, mandamiento u orden legal, expedido o dictado por algún tribunal en un pleito o proceso de que estuviere conociendo.

"El artículo 29 del Código de Enjuiciamiento Civil autoriza a las cortes para castigar por desacato, la desobediencia de sus órdenes legales, según se dispone en dicho código. Este precepto está íntimamente relacionado con el inciso 4 del artículo 7 de nuestro vigente Código de Enjuiciamiento Civil, equivalente al 128 del Código de California, que sostiene la autoridad o poder de toda corte para cumplir sus sentencias, órdenes o providencias, y las que dicte un juez fuera de estrado en una acción o procedimiento pendiente ante la corte.

"(d) Artículo 61 del vigente Código de Enjuiciamiento Criminal, que faculta a los jueces de paz, y también a los municipales para castigar los desacatos que de su autoridad se hagan en el ejercicio de sus funciones judiciales proveyendo a su vez el castigo correspondiente. Este artículo no es aplicable en nada al presente caso.

"No cabe la menor duda, y ello se desprende de la propia contención del peticionario que los únicos preceptos legales envueltos en

esta controversia lo son los artículos 7, 28 y 29 del vigente Código de Enjuiciamiento Civil y el 145 del Código Penal.

"Es indudable que si esta corte tiene autoridad o poder en ley para castigar por desacato una situación como la que presenta este caso, su obligación era y es asumir jurisdicción en el mismo, y citar a los demandados y oírlos, resolviendo en definitiva el caso por sus méritos, pero si por el contrario como sostenemos, muy a pesar nuestro, que esta corte carece de autoridad para castigar por desacato una situación como la del presente caso, entonces no puede ni debe asumir jurisdicción en el mismo, si de los hechos invocados como constitutivos de desacato, surge a la luz de nuestra legislación que tales hechos dándose como probados, no pueden constituir materia desacatable, por tratarse de una sentencia y orden ya ejecutadas.

"    .    .    .    .    .    .    .    .

"En el caso de *Loring* v. *Illsley*, 1 California Reports, pág. 24, se resolvió lo siguiente:

" 'Where a process of a court, as an execution, commanding the sheriff to deliver possession of a chattel, has been finally and completely executed, the power of the sheriff under it, and the authority of the court to enforce it, cease: and a wrongdoer, afterwards trespassing upon the person thus put in possession, cannot be deemed guilty of contempt for disobedience to the process of the court.'

"Esta decisión, aunque rendida en una situación no exactamente igual a la del presente caso, en cuanto a la naturaleza de los bienes envueltos en la misma, a nuestro juicio es de aplicabilidad al presente. Como se fijará esta corte, este caso se resolvió en **febrero de** 1850, y fácilmente puede verse que la desobediencia alegada como fundamento para el desacato que se pretendía alegar, es el mismo comprendido en el inciso 4 del artículo 7 de nuestro Código de Enjuiciamiento Civil correspondiente al 128 de California.

"Posteriormente en el año 1862 se enactó una ley para castigar como desacato específicamente actos realizados de la misma naturaleza de los que están envueltos en este litigio, y fué a partir de esta fecha en que el remedio de desacato se ha usado y se usa conjuntamente con la disposición correlativa del Código Penal que hace un misdemeanor actos similares, todo en virtud del estatuto antes mencionado.

"La Ley de 1862, declarando que es culpable de desacato el que vuelve a penetrar en una finca de la cual ha sido despojado por sentencia y mandato de una corte, fué promulgada 'no sólo con el propósito de proteger a la corte de un desacato a su autoridad, sino

también para darle a la parte perjudicada un remedio adicional que la ayude a recobrar aquello a que tenía derecho de acuerdo con la sentencia.' (*People* v. *Dwinelle,* 29 Cal. 633. Véase, además, *Batchelder* v. *Moore,* 42 Cal. 412.)

"Existe también en California la sección 1210 del Código de Procedimiento Civil, inexistente en Puerto Rico, que de una manera específica y terminante castiga también como desacato, independientemente del castigo al efecto establecido en el artículo 419 del Código Penal de dicho estado, equivalente al 159 del nuestro, que también castiga como misdemeanor los actos envueltos en este caso. (*Temple* v. *Superior Court,* 70 Cal. 211.)

"Del resumen histórico que hemos hecho sobre la legislación y jurisprudencia pertinente a este caso, resulta claro, que no fué hasta el año 1862, en que en virtud de disposición expresa del estatuto en California, las cortes de dicho estado adquirieron autoridad y poder, por lo tanto, jurisdicción, para castigar por desacato en casos de la naturaleza del que es objeto de este recurso.

"No hemos querido ignorar la jurisprudencia y legislación españolas, porque como ya ha dicho este tribunal en distintas ocasiones, nuestra ley de desahucio tiene más de española que de americana, y al efecto Manresa en su obra Comentarios al Código de Enjuiciamiento Civil, pág. 52, expresa de una manera clara su criterio de que cuando el dueño de un inmueble, después de lanzada la persona desahuciada es perturbado en su posesión, el remedio que tiene es el de acudir a la corte haciendo uso del interdicto o juicio correspondiente.

"Nuestra ley de desahucio no autoriza en ninguna de sus secciones castigar por desacato a un demandado que realiza lo que aquí se ha realizado. En cambio en los casos de recobrar la posesión de propiedad inmueble, mediante el procedimiento de *injunction* la ley expresamente dispone que el predicho injunction ordenará que el demandante sea restablecido en la posesión, y requerirá al perturbador para que en lo sucesivo se abstenga de cometer tales actos u obras que manifiesten el mismo propósito bajo apercibimiento de desacato a la corte por desobediencia al predicho injunction. (Art. 695, Código Enj. Civil.) Véase, además, art. 9, Ley Aseguramiento Sentencias, Código Enj. Civil, pág. 100.''

En noviembre 1, 1941, el Juez Asociado de Turno dictó sentencia declarando sin lugar la petición y anulando el auto expedido. No estando conforme, el peticionario apeló para ante el tribunal en pleno.

Opinamos que procede confirmar la sentencia dictada por el juez de turno y en consecuencia sostener como ajustada a la ley y a la jurisprudencia la resolución del juez de la corte inferior negándose a castigar pór desacato a la demandada en el pleito de desahucio.

Además de las citas que hace el juez de distrito en su alegato, las que hemos transcrito por considerarlas como una correcta exposición de la ley y de la jurisprudencia aplicables, creemos conveniente incorporar a esta opinión los párrafos siguientes que copiamos de la opinión que sirvió de base a la sentencia del Sr. Juez de Turno:

"En 18 American Jurisprudence 114, se expone la doctrina así:

" 'Un mandamiento de lanzamiento ni ordena ni puede ordenar al funcionario que lo cumplimentó, que mantenga al litigante victorioso en posesión de la finca, o que impida la ocupación de dicha propiedad por transgresores, después de haberse puesto a dicho litigante en posesión de la finca; y, en caso que el demandado ocupe de nuevo la finca, el demandante tiene que recurrir al remedio adecuado para recobrar la posesión.'

"Y a la página 116 se dice lo siguiente:

" 'Como un segundo mandamiento de lanzamiento no puede ser expedido después que el primero haya sido debidamente cumplimentado, si después que .el demandante ha sido puesto en posesión de la finca el demandado vuelve a ocuparla, el demandante no puede solicitar que se expida un nuevo mandamiento; su remedio tiene que ser otra acción de desahucio o una acción para recobrar la posesión o cualquier otro procedimiento que haya sido creado por las leyes del Estado.'

"Que el remedio para una situación como la que surge del caso de autos es la acción legislativa, según se hizo en California en el año 1862 después del fallo en el caso de *Loring* v. *Illsley*, supra, se reconoce en 18 Am. Jur. 117 cuando dice:

" 'En algunas jurisdicciones, la efectividad de un mandamiento de lanzamiento ha sido ampliada por disposiciones estatutarias al efecto de que cualquier persona que haya sido despojada de una propiedad inmueble por sentencia o mandamiento de una corte de jurisdicción competente y que, sin derecho alguno, penetre en u ocupe de nuevo dicha propiedad, o induzca a alguna persona, sin derecho a

ello, a hacer tal cosa, o la ayude en la comisión de tal acto, es culpable de desacato a la corte que dictó tal sentencia o expidió tal mandamiento.'

"Así vemos que en el Estado de Montana existe un estatuto similar al de California pues en el caso de *Baker* v. *Butte Water Co.,* 107 P. 819 se resolvió lo siguiente:

"'Cuando se ha expedido un mandamiento de lanzamiento para ejecutar una sentencia concediendo la posesión de una finca a determinada parte, y la parte victoriosa ha sido puesta otra vez en posesión, no se podrá expedir nuevo mandamiento después de que dicha parte haya sido despojada de la posesión, sino que ella tendrá que recurrir al procedimiento de desacato autorizado por la sección 7310 de los Códigos Revisados (Rev. Codes.)'"

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. Todd, Jr., no intervino.