Reyes Picón y su esposo Claudio Torres, demandantes y apelados, *v.* Merciader, Demetria, Joaquina, Gregoria, Agueda y Donaciano, todos de apellidos Mercado Martínez; Juan Mercado y Pablo Torres, demandados y apelantes.

Núm. 8772.—*Sometido:* Enero 19, 1944. *Resuelto:* Abril 26, 1944.

*Pedro E. Anglade,* abogado de los apelantes; *Diego E. Ramos,* abogado de los apelados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Reyes Picón y su esposo radicaron un pleito en la corte de distrito contra Merciader Mercado Martínez y otros para recobrar la posesión de cierta finca de 40 cuerdas, solicitando se les prohibiera a los demandados que los molestaran en la posesión de la misma. Se alegó que la finca en cuestión había sido adquirida por los demandantes en una subasta. En un procedimiento anterior de desahucio en pre-

cario radicado ante la misma corte, los demandantes obtuvieron un auto de lanzamiento contra los demandados. Contrario a lo resuelto por esta Corte en *Borges* v. *Janer, Juez,* 59 D.P.R. 953, se dictó un nuevo auto de lanzamiento al volver a ocupar los demandados ciertas casas radicadas en la finca. Después de notificárseles el segundo auto de lanzamiento, los demandados, sin embargo, volvieron a ocupar otra vez las mismas casas, que incidentalmente, admiten los demandantes pertenecen a los demandados. Entonces los demandantes radicaron el presente recurso de *injunction*. El caso se encuentra ante esta Corte en apelación contra sentencia de la corte de distrito a favor de los demandantes.

Ambas partes levantan un número de cuestiones, pero es suficiente resolver un punto fundamental para disponer de esta apelación. La alegación esencial de que los apelados estaban en posesión de la finca aquí envuelta dentro del año inmediatamente anterior a la radicación de la demanda, está predicada en la alegada posesión que los demandantes obtuvieron del márshal al ejecutarse el último auto de lanzamiento. Sin embargo, la declaración del márshal, cuyas partes pertinentes se copian al margen [1] claramente demuestra

[1] "P. Con vista de los autos del caso de referencia, que muestro al señor márshal—mostrándole al márshal la orden dada por este honorable tribunal bajo fecha 23 de septiembre de 1941, en el caso civil 3310 de referencia—¿usted recuerda de qué finca lanzó a esas personas?—Recuerdo el sitio. *Las colindancias las desconozco porque el que iba representando a la parte del demandante, Heriberto Serrano, me dijo que estaba en la parte céntrica y me dijo que las casas radicaban en la parte céntrica de la finca.*

"P. La contestación está bien. Hablando de la situación de las personas y, segundo, de la cabida, ¿de cuántas cuerdas?. Si la pregunta no es clara, me avisa. No estamos hablando de que identifique la finca. Estamos hablando de la finca de la cual lanzó a estas personas que mencionó. Le pregunto en cuanto a la cabida, en cuanto a la situación, y en cuanto a las colindancias por las instrucciones que tenía ¿podría el Márshal decir de qué finca lanzó a esas personas? —*No podría decir.*

"   .

"P. ¿Se identificó bien por el dicho de las personas de que la finca de la cual iban a lanzar la gente era la finca descrita en el mandamiento?—*No, no me cercioré bien.*

"   .

que hubo bastante confusión en cuanto a las colindancias de la finca en controversia, que ésta nunca se identificó debidamente y que el márshal, por tanto, de hecho nunca le dió a los demandantes la posesión material de la finca.

Esto surge aun más claro al indicarse que la corte de distrito sugirió se nombrara a un agrimensor para que localizara el terreno.[2] Si era imprescindible antes de decidir este injunction localizar el terreno mediante una mensura, es obvio que el márshal no había puesto a los demandantes en posesión efectiva de la finca de acuerdo con el último auto de lanzamiento. Toda vez que el recurso de los demandantes estaba predicado en la alegada posesión obtenida del márshal, no podemos permitir que subsista una sentencia favorable a los demandantes.

*La sentencia de la corte de distrito será revocada y se dictará una nueva a favor de los demandados.*

---

"P. Situado usted allí en ese sitio, según instrucción del mandamiento, ¿le señalaron el terreno esas personas?—*El terreno, no, las casas.*

"P. ¿Y la finca?—*Las casas.*

" .     .     .     .     .     .     .     .

"P. ¿Usted dice que usted no se cercioró de cuál era la finca?—*No, señor.*

"P. ¿Usted no sabe si eso era de cuarenta cuerdas o de otra finca de los demandados?—*No, señor. No lo sé.*

" .     .     .     .     .     .     .     .

"P. ¿De manera que usted cuando hizo el lanzamiento, usted no sabía las colindancias de la finca de cuarenta cuerdas?—No, señor.

"P. ¿No sabe si las casas están en la finca de cuarenta cuerdas o en la de cien cuerdas que es de ellos?—No, señor.

" .     .     .     .     .     .     .     .

"P. ¿Usted de manera que no sabe si fué a la de cuarenta?—No, señor.

"P. ¿Usted sabe qué distancia hay, cuántas cuerdas hay entre las casas de la finca de cuarenta cuerdas?—Hay un alambre que divide la residencia de esta señora.

"P. ¿En cuanto a la finca de cien y la de cuarenta cuerdas no sabe la división?—No, señor." (Bastardillas nuestras).

(2)La manifestación de la corte de distrito es como sigue:

"La corte va a hacer constar en récord, para las dos partes, que debido a las circunstancias de este caso y a las alegaciones que aquí se han presentado, la Corte propone a las partes, por creerlo necesario para dar un fallo completamente justo, que la Corte designe un agrimensor que localice las cuarenta cuerdas, debiendo cada una de las partes, por su representante, decir dónde están las cuarenta cuerdas objeto del desahucio."