# Richmond

## R. Lee Page v. Henry G. Luhring, Sr., Etc.

January 18, 1971.

Record Nos. 7232 and 7233.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Joseph J. Lawler* (*Henry L. Lam; Kellam, Pickrell, Lawler, Hodges and Kellam; Lam, Hudgins and Mann,* on brief), for appellant in Record Nos. 7232 and 7233.

*Edward T. Caton, III (Caton & Wright,* on brief), for appellee in Record Nos. 7232 and 7233.

GORDON, J., delivered the opinion of the court.

These cases are here for the second time. So we will briefly trace their history through the first appeals. *Page* v. *Luhring,* 208 Va. 643, 159 S.E.2d 642 (1968).

Henry G. Luhring brought an action of ejectment against R. Lee Page, claiming that Page had taken possession of part of Luhring's land designated as site 58 on a plat of Linkhorn Park. At the same time Luhring brought a suit to enjoin Page from entering the property.

By his pleadings Page asserted that he owned certain land shown on a map of the Hollies, which land included a quadrangular area marked by wide broken lines on that map. (This map with the quadrangular area marked thereon is reproduced in 208 Va. at 647, 159 S.E.2d at 647.) Page asserted that the lands from which Luhring sought to eject him lay within that quadrangular area.

Treating the ejectment action as a proceeding to establish a boundary line under Code § 8-836, the trial court granted the relief sought. The court also issued an injunction as prayed by Luhring. On appeal, we reversed the judgment in the ejectment action and dissolved the injunction, holding for Page because Luhring had not traced an unbroken chain of title to the "disputed area" to the Commonwealth or a common grantor. Our opinion made it clear that the "disputed area" was the quadrangular area shown on the map of the Hollies and referred to above.

After our decision, Page moved the trial court to (1) issue an injunction requiring Luhring to remove any structure placed within the disputed area during the course of this litigation, (2) issue Page a writ of possession for the disputed area, and (3) cause the mandates of this Court to be recorded in the deed records in the clerk's office and indexed.

At the hearings on these motions, the trial judge repeatedly disagreed with our holding that a plaintiff must prove title to the Commonwealth or a common grantor in an action to establish a boundary line, as well as in an action of ejectment. He also disagreed with our holding that the "disputed area" was the quadrangular area shown on the map of the Hollies. To the contrary, the judge determined that the "disputed area" should not include (i) any part of Holly

Road, (ii) any land lying outside the mean low water mark of Crystal Lake, and (iii) a triangular parcel in the northwest corner of the quadrangular area.

In his written opinion, the trial judge remarked "it would be a manifest miscarriage of justice for this court to take any action which would appear to have the effect of vesting in Page a fee simple title to Holly Road when others not parties to this litigation, namely, the City of Virginia Beach and property owners in the area, may have rights which would be adversely and irretrievably affected". By an order entered October 15, 1968, the court denied Page's motions. These appeals from that order ensued.

█ The trial judge basically misconceived the effect of our holding on the first appeals. We determined finally that as between Page and Luhring and their successors in interest Page owned the "disputed area", that is, the quadrangular area referred to above. Va. Code Ann. §§ 8-832, 8-840 (1957). Our holding did not purport to, and could not, affect the rights of persons who were not parties or their successors in interest.

After our decision, the trial judge was not authorized to change the "disputed area". Moreover, his change, even if accepted, would not meet the objection now raised by Luhring's counsel. Although counsel did not petition for a rehearing of the first appeals, he contends that the disputed area as we described it improperly includes "a large portion of the Luhring property never possessed by Page [and not claimed by Page], including landscaping, bulkhead, shrubbery, fence, lawn and boat ramp". Even as redrawn by the trial judge, the disputed area included all of that property.[1]

█ The trial court did not err, however, in refusing to grant Page an injunction in the equity suit. By our order entered March 4, 1968, we dissolved the injunction that had been issued to Luhring and dismissed his bill of complaint, which sought the injunction. The trial court therefore had no jurisdiction to issue the injunction sought by Page. Accordingly, we dismiss the appeal granted in the equity suit (Record No. 7232) on April 29, 1969 as improvidently awarded.

█ Furthermore, the trial court did not err in refusing defendant

---

[1] Whether or not we correctly described the disputed area in our previous opinion is of academic interest. As mentioned in the text, Page in his pleadings asserted title to the disputed area as we have described it. In the trial judge's first opinion, he described the disputed area as we have described it. In his opening brief on the first appeals, Page's counsel similarly described the disputed area, and Luhring's counsel took no exception to that description. Also as mentioned in the text, Luhring filed no petition for a rehearing of the first appeals.

Page a writ of possession for the disputed area. An action of eject-ment lies to recover possession of property held by another. Since a judgment in favor of a plaintiff in an action of ejectment is not self-executing, *Aetna Casualty Co.* v. *Board of Supervisors of Warren County*, 160 Va. 11, 50, 168 S.E. 617, 628 (1933), a prevailing plain-tiff needs a writ of possession to enforce his right to possession. But a prevailing defendant, being already in possession, needs no writ to enforce his right to possession. So the applicable statute provides for the issuance of a writ of possession only in favor of a plaintiff who has prevailed. Va. Code Ann. § 8-402 (1957).

▪ The court did not err in refusing to spread our mandates in the deed records. But since our mandates issued and to be issued in the ejectment action affect the title to real estate, they should be indexed in the name of Luhring and (he being now dead) his devisees as grantors and Page as grantee in the index of deeds maintained in the clerk's office of the trial court. The ejectment action (Record No. 7233) is remanded for that purpose.

*Appeal dismissed; judgment affirmed in part and reversed in part and remanded.*