FILED

11/08/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0003

DA 17-0003

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 276

MONTE R. DAVIS, JR. and WILHELMINE S. DAVIS,

Plaintiffs and Appellants,

v.

DOUGLAS L. WESTPHAL and KATHY L. WILSON,

Defendants, Appellees, and Cross-Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 16-486A
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Randall A. Snyder, Snyder Law Office; Bigfork, Montana

For Appellee:

Evan F. Danno, Danno Law Firm, P.C.; Kalispell, Montana

Submitted on Briefs:  June 21, 2017

Decided:  November 8, 2017

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Plaintiffs Monte R. and Wilhelmine S. Davis (Davises) appeal from an order of the Montana Eleventh Judicial District Court, Flathead County, denying the portion of their motion for partial summary judgment seeking an order compelling Defendants Douglas L. Westphal and Kathy L. Wilson (Westphals) to immediately remove trespassing encroachments on Davises' property and to restore the property to its prior condition subject to Davises' right to do so at Westphals' expense if they fail to timely act. Westphals cross-appeal the District Court's underlying grant of summary judgment declaring their shop building and underground septic system to be trespassing encroachments on Davises' property. We affirm and remand for further proceedings.

## ISSUE

¶2 The restated issue is:

*Did the District Court erroneously deny summary judgment for immediate removal of Westphals' trespassing encroachments and restoration of Davises' land?*

## BACKGROUND

¶3 The parties are owners of adjoining tracts of rural property along Five Deer Lane in Flathead County near Bigfork, Montana. The Westphals own a 10.01-acre tract to the west known as Five Deer Lakes Lot 1. The Davises own an 8.562 tract to the east known as Five Deer Lakes Lot 2. Without verification or inquiry, the Westphals mistakenly assumed that a line of pink survey flags running across the ground from a corner survey marker delineated the boundary line between Lots 1 and 2. As a result, Westphals cut down several trees on Davises' property in 2013. In 2014-15, Westphals built a 40'x60' shop building,

2

and installed an accompanying septic system drain field, near their property line, both which mistakenly encroached on Davises' property.

¶4 In September 2015, while visiting their undeveloped land from California, Davises first noticed the Westphals' progressing improvements and suspected that they encroached on Davises' land. By that time, the septic system drain field and concrete foundation for the shop were in place and Westphals were in the process of erecting the metal shop building on the foundation. After retaining a licensed surveyor and confirming that the shop building and drain field encroached across the property line onto their lot, Davises notified Westphals of the encroachments and requested that they remove them immediately. Westphals did not immediately respond. After they finished enclosing the shop in advance of the oncoming winter, Westphals responded, by correspondence dated November 13, 2015, wherein they acknowledged the encroachments, admitted fault for their mistake, apologized, and stated their desire to resolve the problem amicably.

¶5 Six months later, with no agreement or abatement effort underway or imminent, the Davises filed a district court complaint on June 10, 2016, asserting four unspecified causes of action seeking: (1) "an order of ejectment, deconstruction and removal of" the "encroachments, and reasonable restoration of [the] property;" (2) compensatory damages, trebled by statute, for the wrongfully felled trees; (3) relocation of the non-encroaching portions of the shop and septic system in compliance with county zoning setback requirements; and (4) punitive damages. The complaint separately prayed for judgment declaring the encroachments as trespasses, "ejecting" the encroachments, "ordering [their]

immediate deconstruction and removal," ordering restoration of the property, "enjoining [Westphals] from constructing any improvements on their own property in violation of . . . zoning . . . setback requirements;" and for compensatory and punitive damages "proximately caused by [Westphals'] conduct." The District Court issued a temporary restraining order on Davises' accompanying ex parte motion and set a hearing on their motion for a preliminary injunction for June 22, 2016. At the hearing, upon notice that the parties had reached an informal agreement for Westphals to remove the encroachments and restore the property in return for the Davises dropping their request for a preliminary injunction, the District Court denied the motion for preliminary injunction as moot.

¶6 On September 12, 2016, with abatement of the encroachments still not underway or imminent, Davises moved for summary judgment for: (1) declaratory judgment declaring the encroachments as trespasses on their property; (2) an order "ejecting" the encroachments and "ordering [their] immediate . . . removal" with restoration of the property; (3) "a permanent injunction" enjoining "any further trespass" and enjoining Westphals from "constructing any improvements on their own property in violation of" county "zoning regulations or setback requirements." For the first time and without reference to mandatory injunctive relief, Davises characterized their claims as claims for declaratory judgment of trespass, common law "ejectment," and prohibitive injunctive relief. Westphals opposed the motion on the asserted ground that no legal trespass had occurred because they had not intentionally encroached on Davises' property. Westphals requested an additional year to remove the encroachments and restore the property in the

4

face of the upcoming winter.  Westphals filed a supporting affidavit describing the difficulty and cost of removing the encroachments and restoring the property.  The affidavit described the Westphals' financial limitations and asserted that Davises' need for immediate abatement was not urgent because they lived in California, only occasionally visited the land, and had no immediate plans to build on the undeveloped property.

¶7     On October 24, 2016, the District Court granted Davises' summary judgment on the briefs without a hearing[1] declaring that the Westphal encroachments and tree-felling constituted civil trespasses.  However, the court denied Davises' requests for "immediate ejection . . . and removal of all encroaching improvements," site restoration, and a permanent injunction enjoining any further intrusion on Davises' property or noncompliance with county zoning setback requirements.  The court reasoned that:

(1)     the authority cited by Davises did not "order ejection, adopt the remedy of ejection, or otherwise establish standards for an ejection claim;"

(2)     § 27-1-318, MCA, "generally provides for money damages for wrongful occupation of real property;"

(3)     though "ejection is a possible remedy" under § 27-8-313, MCA (declaratory judgment supplemental relief provision), and *Goodover v. Lindey's*, 246 Mont. 80, 802 P.2d 1258 (1980) (affirming discretionary grant of supplemental mandatory injunction for removal of encroachments to afford complete relief to declaratory judgment of trespass), Davises presented "insufficient information to determine whether coercive supplemental relief, i.e., ejection, deconstruction, and restoration," is necessary "*as a matter of law*" to remedy the trespasses "in addition to money damages" (emphasis in original); and

(4)     Davises "offered no factual basis or legal argument that [the requested prohibitive] injunctive relief is necessary at this point in time."

_____

[1] Neither party requested a hearing, thus waiving a hearing pursuant to M. R. Civ. P. 56(c)(2)(A).

The court noted further that Westphals "informally agreed to remove the encroaching structures in exchange for dismissal of the action," a result the court observed to be "the most expeditious way to resolve the dispute." The court thus encouraged the parties "to negotiate a date certain for removal of the structures."

¶8     Davises subsequently moved the District Court pursuant to M. R. Civ. P. 59(e) and 60(a) to "correct" its summary judgment ruling by granting their request for an order compelling immediate removal of the encroachments and site restoration on the asserted ground that the failure to grant such relief was irreconcilably inconsistent with its declaration of trespass and erroneously failed to provide complete relief. The District Court denied the motion on the stated ground that its denial of mandatory injunctive relief was not a final judgment and that Davises "failed to raise any new evidence" or show that the denial was erroneous as a matter of law. Davises appeal the court's denial of their request for an order compelling immediate removal of the encroachments and site restoration.[2] Westphals cross-appeal the court's underlying declaratory judgment of trespass.

**STANDARDS OF REVIEW**

¶9     We review summary judgment rulings de novo for conformance to M. R. Civ. P. 56. *Dick Anderson Constr., Inc. v. Monroe Prop. Co.*, 2011 MT 138, ¶ 16, 361 Mont. 30, 255 P.3d 1257. Summary judgment is proper only when there is no genuine issue of material

---

[2] Davises do not challenge the District Court's denial of their request for prohibitive injunctive relief enjoining Westphals from any further trespass and from relocating or constructing improvements on their own property except in compliance with applicable zoning restrictions.

6

fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). The questions of whether a genuine issue of material fact exists or whether a party is entitled to judgment as a matter of law are conclusions of law subject to de novo review for correctness. *Ereth v. Cascade County*, 2003 MT 328, ¶ 11, 318 Mont. 355, 81 P.3d 463.

¶10　The grant or denial of injunctive relief is a matter within the broad discretion of the district court based on applicable findings of fact and conclusions of law. *Shammel v. Canyon Resources Corp.*, 2003 MT 372, ¶ 11, 319 Mont. 132, 82 P.3d 912; *Walker v. Warner*, 228 Mont. 162, 166, 740 P.2d 1147, 1149-50 (1987). The standard of review of a grant or denial of injunctive relief is whether the court manifestly abused its discretion. *Shammel*, ¶ 12. A manifest abuse of discretion is an "obvious, evident, or unmistakable" abuse of discretion. *Shammel*, ¶ 12. The standard of review of lower court findings of fact and conclusions of law is whether the findings of fact are clearly erroneous and whether the conclusions of law are correct. We review district court rulings on motions for post-judgment relief under M. R. Civ. P. 59 and 60 for an abuse of discretion. *Folsom v. Montana Pub. Employees Ass'n*, 2017 MT 204, ¶ 18, 388 Mont. 307, 400 P.3d 706.

## DISCUSSION

¶11　At issue on Davises' appeal and Westphals' cross-appeal are summary judgment rulings that are also the predicate for Davises' related appeal of the court's subsequent denial of their *Motion to Correct* summary judgment rulings. Orders granting or denying summary judgment are generally interlocutory orders not subject to immediate appeal. *Trombley v. Mann*, 2001 MT 154, ¶¶ 6-10, 306 Mont. 80, 30 P.3d 355; M. R. App. P. 6(5)(b).

7

In this case, the District Court has not entered a "final judgment," as defined by M. R. App. P. 4(1)(a), or certified its interlocutory summary judgment rulings as suitable for immediate appeal pursuant to M. R. Civ. P. 54(b) and M. R. App. P. 6(6). However, "provided that the order is the court's final decision on the referenced matter," orders granting or denying injunctive relief are immediately appealable. M. R. App. P. 6(3)(e). Rule 6(3)(e) thus allows immediate appeal of an order granting or denying a preliminary injunction. *Montana Cannabis Indus. Ass'n v. State*, 2012 MT 201, ¶ 13, 366 Mont. 224, 286 P.3d 1161. Because Davises' appeal irreconcilably conflates relief available at law on a common law ejectment claim with preliminary and final injunctive relief available as supplemental relief on a common law ejectment claim or on a statutory declaratory judgment, we accept their appeal on the above-restated issue pursuant to M. R. App. P. 6(3)(e) and § 3-2-204(5), MCA (mandatory review of all questions of fact and questions of law implicated on record in equity cases). However, we decline Westphals' cross-appeal without prejudice as a premature appeal of an uncertified interlocutory ruling.

¶12 Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). A genuine issue of material fact is an issue of inconsistent fact, material to the elements of a claim or defense at issue, and not amenable to judgment as a matter of law. *Mountain West Bank, N.A. v. Mine & Mill Hydraulics, Inc.*, 2003 MT 35, ¶ 28, 314 Mont. 248, 64 P.3d 1048; *see also* § 25-7-103, MCA (exclusive domain of finder of fact); *Weinberg v. Farmers State Bank*, 231 Mont. 10, 27, 752 P.2d 719, 730 (1988) (exclusive domain of finder of fact

8

to resolve questions of fact upon which reasonable people may differ).  The party seeking summary judgment has the initial burden of showing a complete absence of any genuine issue of material fact on the Rule 56 record[3] and that the party is thus entitled to judgment as a matter of law.  *Weber v. Interbel Tel. Coop., Inc.*, 2003 MT 320, ¶ 5, 318 Mont. 295, 80 P.3d 88; *accord*, *Ereth*, ¶ 11.  The burden then shifts to the opposing party to show either the existence of a genuine issue of material fact or that the moving party is not entitled to judgment as a matter of law on the facts of record not subject to genuine material dispute.  *Osterman v. Sears, Roebuck & Co.*, 2003 MT 327, ¶ 17, 318 Mont. 342, 80 P.3d 435 (citing *Bruner v. Yellowstone Cnty.*, 272 Mont. 261, 264, 900 P.2d 901, 903 (1995)); *Ereth*, ¶ 11.  While the court must view the Rule 56 factual record in the light most favorable to the non-moving party and draw all reasonable inferences against summary judgment, *Weber*, ¶ 5, the court has "no duty to anticipate or speculate" regarding contrary material facts.  *Gamble Robinson Co. v. Carousel Properties*, 212 Mont. 305, 312, 688 P.2d 282, 287 (1984).

¶13    *Did the District Court erroneously deny summary judgment for immediate removal of Westphals' trespassing encroachments and restoration of Davises' land?*

¶14    Davises assert on appeal that the District Court erroneously refused to order Westphals to remove the subject encroachments and restore the property within 60 days of judgment with the proviso that Davises could remove the drain field and shop building at Westphals' expense if they failed to timely comply.  Apart from their base request for a

---

[3] The summary judgment record includes "the pleadings, the discovery and disclosure materials on file, and any affidavits."  M. R. Civ. P. 56(c)(3).

9

declaratory judgment of trespass, the Davises sought summary judgment "ejecting" the encroachments, "ordering [their] immediate . . . removal" and restoration of the property, and permanently enjoining "any further trespass" or violation of applicable zoning setback requirements. Without reference to mandatory injunctive relief in the District Court and in contrast to their request for prohibitive injunctive relief, Davises sought an order compelling removal of the encroachments and restoration of the property as forms of relief available on the common law claim of ejectment. On appeal, Davises now assert that, in addition to common law ejectment, they are also entitled to mandatory injunctive relief compelling Westphals to remove the encroachments and restore the property. Davises' conflation of the torts of common law trespass and ejectment, declaratory judgment of trespass, and supplemental preliminary and permanent equitable relief requires that we sort out these causes of action and remedies as a prelude to addressing their assertion of error.

¶15    Modern common law trespass is an intentional tort claim for damages caused by an unauthorized entry or holdover upon real property of another. *Tags Realty, LLC v. Runkle*, 2015 MT 166, ¶ 15, 379 Mont. 416, 352 P.3d 616; *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*, 2010 MT 63, ¶ 38, 355 Mont. 387, 228 P.3d 1134; *Slater v. Shell Oil Co.*, 137 P.2d 713, 715 (Cal. App. 1943). The essential elements of a modern common law trespass claim are: (1) an intentional entry or holdover (2) by the defendant or a thing; (3) without consent or legal right. *Branstetter v. Beaumont Supper Club, Inc.*, 224 Mont. 20, 24, 727 P.2d 933, 935 (1986); *Restatement (Second) of Torts* §§ 158 and 163 (1965). Because the legal harm is the interference with another's right to exclusive possession of

10

property, an unauthorized tangible presence on the property of another constitutes a trespass regardless of whether the intrusion caused any other harm. *Tally*, ¶¶ 37-38 (distinguishing "tangible" invasion of property by person or thing from an "intangible" invasion, e.g., invasion of sound, light, odor, gas, or electromagnetic field, requiring proof of actual harm beyond mere infringement of right); *Restatement (Second) of Torts § 163* cmt. d. A civil trespass encompasses both the initial unauthorized entry upon the property of another *and* the subsequent failure to cease or abate the intrusion. *Branstetter*, 224 Mont. at 24, 727 P.2d at 935; *Restatement (Second) of Torts §§ 158 and 163.*

¶16     While civil trespass is an intentional tort, *Miller v. Nat'l Broadcasting Co.*, 232 Cal. Rptr. 668, 677 (Cal. App. 1986), intentional trespass does not require proof of specific intent, i.e., that the tortfeasor intended to enter or remain upon property owned or controlled by another. *Restatement (Second) of Torts §§ 163* cmt. b, c and 164 cmt. a. The intent element of civil trespass only requires proof that the tortfeasor intentionally entered or remained, or caused a third party or thing to enter or remain, upon the property of another regardless of the tortfeasor's knowledge, lack of knowledge, or good faith mistake as to actual property ownership or right. *Luoma v. Donohoe*, 179 Mont. 359, 365, 588 P.2d 523, 526 (1978); *Miller*, 232 Cal. Rptr. at 677; *Restatement (Second) of Torts §§ 163*, cmt. b, c and 164 cmt. a; W. Page Keeton and William Prosser, *Prosser & Keeton on the Law of*

11

*Torts* § 13, 67-68 and 73-75 (5th ed. 1984) ("interest of the landowner is protected at the expense of those who make innocent mistakes").[4]

¶17    Though related tort claims of common origin for enforcement of an owner's right to exclusive possession of real property, common law trespass and common law ejectment are technically distinct causes of actions providing distinct remedies. *Tally*, ¶ 38; *Slater*, 137 P.2d at 715; 28A C.J.S. *Ejectment* § 1 (2008). In contrast to a common law trespass claim for damages and a modern statutory claim for judgment declaring a trespass as a predicate for supplemental legal or equitable relief, common law "ejectment" is an independent cause of action of ancient origin and greatly evolved purpose and scope. *Sofer v. Beech*, 409 A.2d 337, 339-43 (Pa. 1979); *Dice v. Reese*, 21 A.2d 89, 92 (Pa. 1941); *Caperton v. Schmidt*, 26 Cal. 479, 496-512 (Cal. 1864); *Cincinnati v. Lessee of White*, 31 U.S. 431, 441-43 (1832); *Black's Law Dictionary* 630 (10th ed. 2014).[5] In modern form, common law ejectment is an action at law brought against a trespasser in possession of all or a portion of real property for immediate possession of the property based on proof of superior title and the right to immediate possession. *Sofer*, 409 A.2d at 339-40; *Heroux v.*

---

[4] *See also*, *Olsen v. Milner*, 2012 MT 88, ¶¶ 35-40, 364 Mont. 523, 276 P.3d 935 (applying *Restatement (Second) of Torts* § 165 (1979) reckless/negligent trespass theory to boundary line encroachment); *but see Restatement (Second) of Torts* § 165 cmt. b, c (in contrast to intentional trespass under §§ 158-64, reckless/negligent trespass theory narrowly pertains to unintentional entry upon land distinguished from intentional entry upon land under mistaken belief of ownership or right and further requires proof of harm beyond mere interference with owner right to exclusive possession).

[5] Ejectment was originally an action at law in trespass against a landlord to restore a wrongfully ousted tenant to possession of a leasehold for the remainder of the term. *Sofer*, 409 A.2d at 339-43; *Dice*, 21 A.2d at 92; *Caperton*, 26 Cal. at 496-512; *Cincinnati*, 31 U.S. at 441-43; *Black's Law Dictionary* 630 (10th ed. 2014).

*Katt*, 68 A.2d 25, 26-28 (R.I. 1949) (recognizing ejectment as action at law to remedy encroaching improvements); *Slater*, 137 P.2d at 715; *Butler v. Frontier Telephone Co.*, 186 N.Y. 486, 488-92 (N.Y. 1906) (recognizing ejectment as an action at law to remedy vertical encroachment by overhanging wires); *Agar v. Winslow*, 56 P. 422, 423 (Cal. 1899); 25 Am. Jur. 2d *Ejectment* § 19 (2014); 28A C.J.S. *Ejectment* §§ 1-3 and 5-6; *accord*, *Kootenai Corp. v. Dayton*, 184 Mont. 19, 24, 601 P.2d 47, 49-50 (1979) (distinguishing common law ejectment from statutory forcible detainer action); *Miner v. Cook*, 87 Mont. 500, 502-03, 288 P. 1016, 1017 (1930); *Baker v. Butte Water Co.*, 40 Mont. 583, 585; 107 P. 819, 820 (1910); *Billings v. Sanderson*, 8 Mont. 201, 204, 19 P. 307, 307-08 (Mont. Terr. 1888).[6]

¶18    Long predating modern declaratory judgment Acts,[7] the primary relief available on an ejectment claim is a judgment declaring that the plaintiff has the *right* to immediate possession of the property. 25 Am. Jur. 2d *Ejectment* §§ 1 and 44; 28A C.J.S. *Ejectment* §§ 1-2 and 6. A successful plaintiff may also recover damages in ejectment as compensation for the loss of use of the property during the duration of the trespass, § 27-1-318, MCA (reasonable rental value as general measure of damages for wrongful occupation of land); *Pritchard Petroleum Co. v. Farmers Coop. Oil & Supply Co.*, 121

---

[6] Early Montana ejectment cases reference historical common law requirements for proof that the plaintiff actually entered upon and possessed the land and that the defendant unlawfully ousted the plaintiff from possession and remained in unlawful possession. *See*, *e.g.*, *Miner*, 87 Mont. at 502-03, 288 P. at 1017; *Baker*, 40 Mont. at 585, 107 P. at 820; *Billings*, 8 Mont. at 204, 19 P. at 307-08; *compare Sofer*, 409 A.2d at 339-40 (abandoning rigid common law requirements for proof of complete ouster from the property and actual entry or possession by defendant).

[7] Declaratory judgments are a modern statutory remedy unknown at common law or in equity. 26 C.J.S. *Declaratory Judgments* § 2 (2011).

Mont. 1, 7, 190 P.2d 55, 58-59 (1948) (mesne profits).[8]  Equitable defenses were not available to counter ejectment claims at common law.  25 Am. Jur. 2d *Ejectment* § 20. However, with the modern merger of law and equity, *see* M. R. Civ. P. 1-2, equitable defenses, and even affirmative relief, may be available, as equitable, to counter or ameliorate a common law ejectment claim.  *Pritchard*, 121 Mont. at 15-16; 190 P.2d at 62-63 (good faith trespasser who placed permanent improvements on land may counterclaim in equity for damages setoff to "recoup the value of the improvements" to the extent they "enhanced the value of the land" regardless of limitations of § 70-28-110, MCA (right to damages setoff for improvements made by good faith withholding of land under color of title)): 25 Am. Jur. 2d *Ejectment* § 20.

¶19    Due to its limited nature as a mere declaration of right to possession, a judgment of ejectment is not self-executing.  *Page v. Luhring*, 178 S.E.2d 527, 529 (Va. 1971).  The remedy available at law to effect a judgment of ejectment is execution under a special writ known at common law as a writ of possession or ejectment, commanding the sheriff or levying officer to deliver possession of the property to the plaintiff by removing the defendant and personalty from the property.  Sections 25-13-201, -301(1)(d), and -307, MCA; *Page*, 178 S.E.2d at 529; *Dodd v. Simon*, 113 Mont. 536, 541-42, 129 P.2d 224, 228 (1942); *Long v. Neville*, 291 Cal. 131, 135-36 (Cal. 1865); 9 Am. Jur. Pl. & Pr. Forms

---

[8] Depending on the facts and relief sought, restoration damages may also be available as an alternative measure of compensatory damages at law to remedy damage to real property.  *See Lampi v. Speed*, 2011 MT 231, ¶¶ 22-24, 31, and 37-39, 362 Mont. 122, 261 P.3d 1000; *Sunburst School Dist. No. 2 v. Texaco, Inc.*, 2007 MT 183, ¶¶ 32-38 and 43-45, 338 Mont 259, 165 P.3d 1079.

*Ejectment* §§ 70-71 (2017); 25 Am. Jur. 2d *Ejectment* § 48; 28A C.J.S. *Ejectment* §§ 6 and 216; *see also*, *Fuller v. Gibbs*, 122 Mont. 177, 183, 199 P.2d 851, 854 (1948); *Baker*, 40 Mont. at 585-86; 107 P. at 820-21. Though ejectment technically lies to remedy a real property encroachment, a writ of possession commanding the sheriff to remove the defendant and personalty will generally not abate a substantial physical encroachment affixed to land. While a writ of possession could conceivably command a sheriff or levying officer to enter onto real property and affirmatively remove a trespassing encroachment, *see Heroux*, 68 A.2d at 27-28, and *Butler*, 186 N.Y. at 492-93, our general execution statutes govern writs of possession under Montana law. *Dodd*, 113 Mont. at 542, 129 P.2d at 228. Davises did not raise the question of whether §§ 25-13-201, -301(1)(d), and -307, MCA, would permit issuance of such an extraordinary writ of execution before the District Court and the issue is not properly before us at this time.

¶20    Independent of common law trespass and ejectment claims, a modern declaratory judgment action is also available to determine the "rights, status, and other legal relations" of the parties on any matter in dispute. Sections 27-8-201 and -301, MCA. Statutory declaratory judgment claims merely supplement other claims and remedies independently available at law or in equity. *See* M. R. Civ. P. 57; 26 C.J.S. *Declaratory Judgments* §§ 1-2 (2011). Prohibitive and mandatory injunctive relief are forms of supplemental relief available where "necessary or proper" to effect or enforce a declaratory judgment. Section 27-8-313, MCA; *Lindey's*, 246 Mont. at 82-83, 802 P.2d at 1260. As an alternative or supplemental remedy to preexisting common law trespass and ejectment claims, a party

15

may seek redress of a trespassing real property encroachment by seeking a declaratory judgment of trespass, supplemental damages as otherwise provided by law, and supplemental injunctive relief for abatement of the encroachment as otherwise authorized in equity. *See Lindey's*, 246 Mont. at 82-83, 802 P.2d at 1260.

¶21 Here, Davises obtained summary judgment declaring that Westphals' tree-felling and encroaching building and drain field constituted civil trespasses. As far as it goes, that declaratory judgment was the substantive equivalent of a judgment of ejectment declaring Davises' right to exclusive possession of their property to the exclusion of the subject encroachments. Thus, Davises successfully obtained an interlocutory judgment, prevailing on their alternatively pled declaratory judgment and common law ejection claims. Except for as yet undetermined damages not at issue on appeal, and in contrast to any supplemental injunctive relief otherwise appropriate in equity, no other relief at law is currently available to Davises on their common law ejectment claim prior to final judgment.

¶22 To the extent that Davises assert that the District Court erred by failing to further order ejectment of the subject encroachments, their "immediate removal," and restoration of the property, they seek forms of relief that are either premature or beyond the scope of relief available on a common law ejectment claim. The parties and the District Court have yet to consider whether a writ of possession executed by a sheriff or levying officer is available or adequate under §§ 25-13-201, -301(1)(d), and -307, MCA, to abate the subject encroachments and restore possession of the property to Davises. Even if so, a writ of execution enforcing a judgment of possession still may not issue until the judgment is final.

16

*See* M. R. Civ. P. 58 and 70(d); §§ 25-13-101, -201, and -307, MCA. Davises do not assert that the District Court erred by failing to enter final judgment. Except as supplemental equitable relief, an order compelling a trespasser to remove an encroachment and to restore the property to its prior condition is not a cognizable form of relief available at law on a common law ejectment claim. We hold that the District Court did not err in declining to grant relief at law other than a declaration of trespass on Davises' common law ejectment claim.

¶23 As to injunctive relief, it is unclear whether Davises assert that the District Court erred by failing to grant injunctive relief pursuant to § 27-8-313, MCA (relief supplemental to declaratory judgment), or as equitable relief supplemental to their common law ejectment claim. More significantly, it is further unclear from their briefing whether Davises assert that the court erroneously denied preliminary injunctive relief, permanent injunctive relief, or both. Regardless of whether requested pursuant to § 27-8-313, MCA, or as supplemental equitable relief necessary to afford complete relief on a common law claim, temporary and permanent injunctive relief are equitable remedies governed by general principles of equity codified in Montana in Title 27, ch. 19, MCA. *Talley v. Flathead Valley Comm. College*, 259 Mont. 479, 491, 857 P.2d 701, 708 (1993); *State ex rel. Stewart v. District Ct.*, 77 Mont. 361, 369, 251 P. 137, 139 (1926); *see also*, M. R. Civ. P. 65. Contrary to Davises' assertion, injunctive relief is an extraordinary remedy not available as a matter of right. *Paradise Rainbows v. Fish & Game Comm'n*, 148 Mont. 412, 420, 421 P.2d 717, 721 (1966). The grant or denial of permanent or preliminary

17

injunctive relief is highly discretionary and critically dependent on the particular facts, circumstances, and equities of each case. *Shammel*, ¶ 12; *Citizens for Balanced Use v. Maurier*, 2013 MT 166, ¶¶ 11 and 28, 370 Mont. 410, 303 P.3d 794; *Knudson v. McDunn*, 271 Mont. 61, 65, 894 P.2d 295, 297-98 (1995); *Montana Tavern Ass'n v. State*, 224 Mont. 258, 265, 729 P.2d 1310, 1315 (1986). Where necessary to afford complete relief, injunctive relief may be available either as an alternative or supplemental remedy to those ordinarily available by statute or at common law. *City of Whitefish v. Troy Town Pump*, 2001 MT 58, ¶ 35, 304 Mont. 346, 21 P.3d 1026 (court sitting in equity "empowered to grant all relief necessary to the entire adjustment of the subject matter"); *Restatement (Second) of Torts* § 951 cmt. a (under modern merger of law and equity all forms of legal and equitable relief are available to provide complete relief as necessary on a case basis). Thus, where appropriate on balance of the equities, injunctive relief is available as a supplemental remedy to afford complete relief on a common law ejectment claim. *See Jeppeson v. Montana Dept. of State Lands*, 205 Mont. 282, 287, 667 P.2d 428, 431-32 (1983); *Blinn v. Hutterische Soc'y of Wolf Creek*, 58 Mont. 542, 553, 194 P. 140, 142 (1920); *King v. Mullins*, 27 Mont. 364, 368, 71 P. 155, 156 (1903); *Heinze v. Kleinschmidt*, 25 Mont. 89, 105, 63 P. 927, 933 (1901); *Williams v. Long*, 61 P. 1087, 1088 (Cal. 1900); *Natoma Water & Mining Co. v. Clarkin*, 14 Cal. 544, 552 (Cal. 1860).

¶24    District courts have broad discretion to grant preliminary injunctive relief on any of the five grounds enumerated in § 27-19-201, MCA. *Sandrock v. DeTienne*, 2010 MT 237, ¶ 16, 358 Mont. 175, 243 P.3d 1123; *Sweet Grass Farms, Ltd. v. Bd. of County Comm'rs*,

2000 MT 147, ¶ 27, 300 Mont. 66, 2 P.3d 825. On evidence or competent affidavit[9] considered *upon hearing*, a court may issue a preliminary injunction at any time before final judgment. Section 27-19-303, MCA. In considering whether to issue a preliminary injunction on any of the grounds enumerated in § 27-19-201, MCA, the court must exercise its discretion only in furtherance of the limited purpose of preliminary injunctions to preserve the status quo and minimize the harm to all parties *pending final resolution on the merits*. *Porter v. K & S Partnership*, 192 Mont. 175, 183, 627 P.2d 836, 840 (1981). The "status quo" is generally "the last actual, peaceable, [un]contested condition" preceding the controversy at issue. *Porter*, 192 Mont. at 181, 627 P.2d at 839. "If a preliminary injunction will not accomplish [its limited] purposes, then it should not issue." *Porter*, 192 Mont. at 183, 627 P.2d at 840. Thus, even on proof of any grounds enumerated in § 27-19-201, MCA, a preliminary injunction should not issue absent an accompanying prima facie showing, or showing that it is at least uncertain, that the applicant will suffer irreparable injury *prior to final resolution on the merits*. *Porter*, 192 Mont. at 181, 627 P.2d at 839; *Rea Bros. Sheep Co. v. Rudi*, 46 Mont. 149, 160, 127 P. 85, 87 (1912).

¶25 *Inter alia*, Davises assert that, upon granting summary judgment declaring the encroachments as trespasses, the District Court erred by failing to go further and issue a preliminary injunction for their removal pursuant to § 27-19-201(3), MCA (preliminary enjoinder of wrongful conduct "tending to render judgment ineffectual"). However,

[9] In this context, an affidavit is competent only if "verified" and "the material allegations . . . setting forth the grounds for the [preliminary injunction] are made positively and not upon information and belief." Section 27-19-303(2), MCA.

preliminary injunctions may not issue except upon evidence or affidavit considered at a duly noticed hearing. Section 27-19-303, MCA. Davises abandoned their initial motion for a preliminary injunction by stipulation long before they moved for summary judgment, did not clearly articulate a renewed request for a preliminary injunction in their summary judgment motion, and in any event failed to request a preliminary injunction hearing on or incident to their motion for summary judgment. Moreover, though they requested that the court "order ejectment" of the encroachments, compel Westphals to remove the encroachments, provide for "forcible" removal if necessary, and conditionally authorize them to remove them if Westphals failed to act, nowhere in Davises' conflated summary judgment motion and briefing was any reference to § 27-19-201(3), MCA, much less a factual *showing* that the failure to grant a preliminary mandatory injunction would render ineffectual any subsequent final judgment that might include, as appropriate, final injunctive relief. We will not hold a district court in error for failing to address an issue that parties did not timely raise. *McDunn v. Arnold*, 2013 MT 138, ¶ 14, 370 Mont. 270, 303 P.3d 1279. We hold that the District Court did not err in declining to issue a preliminary injunction for removal of the subject encroachments upon granting summary judgment declaring them as trespasses.

¶26 Permanent injunctive relief, also known as final injunctive relief, *see* § 27-19-102, MCA, is available only where necessary to prevent irreparable injury in the absence of a plain, speedy, and adequate statutory or common law remedy. *Ducham v. Tuma*, 265 Mont. 436, 442, 877 P.2d 1002, 1006 (1994), *overruled on other grounds by Shammel*, ¶ 12

20

(clarifying standard of review of grant or denial of injunctions); *Jeffries Coal Co. v. Industrial Acc. Bd.*, 126 Mont. 411, 413, 252 P.2d 1046, 1047 (1952); *Santa Rita Oil & Gas Co. v. State Bd. of Equalization*, 112 Mont. 359, 366-67, 116 P.2d 1012, 1016 (1941); *Bullard v. Zimmerman*, 82 Mont. 434, 446-48, 268 P. 512, 517-18 (1928); *accord*, § 27-19-102, MCA.  Irreparable injury is a harm or wrong: (1) not fully or effectively remedied by compensatory damages; (2) in regard to which adequate, non-speculative compensation is difficult to determine; or (3) of a recurring or continuous nature such that full and effective redress would otherwise require a multiplicity of successive actions at law. *Wind v. Herbert*, 8 Cal. Rptr. 817, 822 (Cal. App. 1960); *see also*, § 27-19-102, MCA.  A statutory or common law remedy may be inadequate to fully or effectively remedy a harm or wrong either due to the nature of the cause of action or the form of relief ordinarily available thereon. *Bullard*, 82 Mont. at 446-48, 268 P. at 517-18.

¶27     Injunctive relief is generally not available to remedy a trespass where an action at law for damages or ejectment will provide complete relief.  *Jeppeson*, 205 Mont. at 287, 667 P.2d at 431-32; *King*, 27 Mont. at 368, 71 P. at 156; *Musselshell Cattle Co. v. Woolfolk*, 34 Mont. 126, 132-33, 85 P. 874, 875-76 (1906).  However, compensatory damages are generally inadequate to fully remedy a continuous or recurring encroachment on real property.  *Ducham*, 265 Mont. at 443, 877 P.2d at 1006; *Allman v. Stuart*, 158 Mont. 402, 409-12, 492 P.2d 909, 913-14 (1972); *Gibbons v. Huntsinger*, 105 Mont. 562, 574-76, 74 P.2d 443, 449-50 (1937); *Musselshell Cattle Co.*, 34 Mont. at 132-33, 85 P. at 875-76; *Nellie Gail Ranch Owners Ass'n v. McMullin*, 209 Cal. Rptr. 3d 658, 675 (Cal. App. 2016);

21

*Hoffman v. Bob Law, Inc.,* 888 N.W.2d 569, ¶¶ 10-11 (S.D. 2016); *Amkco, Ltd., Co. v. Welborn*, 130 N.M. 155, ¶¶ 10-11 (N.M. 2001); *Warsaw v. Chicago Metallic Ceilings, Inc.*, 676 P.2d 584, 588 (Cal. 1984); *Arnold v. Melani*, 437 P.2d 908, 911 (Wash. 1968); *see also*, *Jeppeson*, 205 Mont. at 287, 667 P.2d at 431-32; *King*, 27 Mont. at 368, 71 P. at 156.

¶28 Accordingly, Davises cite *Ducham* and *Olsen v. Milner*, 2012 MT 88, 364 Mont. 523, 276 P.3d 934, for the proposition that it is reversible error for a court to refuse to grant a mandatory injunction compelling removal of a continuous or recurring encroachment upon determining the encroachment as a trespass. In *Olsen*, upon determining that the defendant knowingly built a shop building partially on his neighbor's property, the district court issued a mandatory injunction compelling the defendant to remove the trespassing encroachment within 60 days subject to the plaintiff's right to remove it at the defendant's expense if he failed to timely do so. *Olsen*, ¶ 15. However, the narrow issues on appeal in *Olsen* were whether res judicata barred the plaintiff's trespass claim and whether the court correctly determined that the encroachment was a trespass, not whether the court properly granted mandatory injunctive relief. *Olsen*, ¶¶ 18-38. In *Ducham*, the district court denied a request for permanent injunctive relief based on a determination that the defendant's recurring discharge of water across the plaintiff's property did not constitute a trespass. *Ducham*, 265 Mont. at 438, 877 P.2d at 1004. On appeal, we held only that the court erroneously concluded that the water discharges were not a recurring trespass and that the plaintiff was thus entitled to a permanent injunction enjoining any further discharges across his property. *Ducham*, 265 Mont. at 440-43, 877 P.2d at 1005-07. Apart from the threshold

22

issue of trespass, the equities of permanent injunctive relief were not otherwise at issue on appeal. *Ducham*, 265 Mont. at 440-43, 877 P.2d at 1005-07. Neither *Ducham* nor *Olsen* support Davises' assertion that a plaintiff is entitled to a mandatory injunction compelling abatement of a trespassing encroachment as a matter of right in every case.

¶29 To the contrary, regardless of a determination of a trespass, the grant or denial of mandatory injunctive relief remains highly discretionary dependent on the unique facts and circumstances of each case. *Tally*, ¶ 43 (flexible rules of equity require consideration of "exigencies" of each "particular case"). Though legal title must generally prevail if the equities are equally balanced or balance against the trespasser, *Bonding Co. v. State Sav. Bank*, 47 Mont. 332, 339, 133 P. 367, 368-69 (1913), the court must carefully weigh and balance the equities in each case when exercising its broad discretion to grant or deny injunctive relief. *Four Rivers Seed Co. v. Circle K Farms*, 2000 MT 360, ¶ 12, 303 Mont. 342, 16 P.3d 342.[10] Thus, though often appropriate on a balance of the equities in particular

_____

[10] To that end, other jurisdictions recognize an equitable "relative hardship" doctrine to assess whether, regardless of a legal trespass, equity may yet preclude issuance of mandatory injunctive relief in favor of pecuniary damages at law in certain limited circumstances, thereby effecting an equitable easement in favor of an unintentional, non-negligent trespasser. *See*, *e.g.*, *Minnwest Bank v. RTB, LLC*, 873 N.W.2d 135, 145-46 (Minn. App. 2015); *Nellie Gail Ranch*, 209 Cal. Rptr. 3d at 675-78; *Graham v. Jules Inv., Inc.*, 356 P.3d 986, ¶¶ 32-41 (Colo. App. 2014); *Warsaw*, 676 P.2d at 588 (Cal.); *Wojahn v. Johnson*, 297 N.W.2d 298, 307 (Minn. 1980); *Arnold*, 437 P.2d at 914-15 (Wash.); *Dundalk Holding Co. v. Easter*, 137 A.2d 667 (Md. App. 1958); *Christensen v. Tucker*, 250 P.2d 660, 665-67 (Cal. App. 1952); *Amkco, Ltd., Co.*, ¶¶ 12-17 (N.M.);*Golden Press, Inc. v. Rylands*, 235 P.2d 592, 595 (Colo. 1951); *Hoffman*, ¶¶ 12-21 (S.D.); *Owenson v. Bradley*, 197 N.W. 885, 887-89 (N.D. 1924); *see also*, *Restatement (Second) of Torts* § 941 cmt. c, d (1979). We have yet to consider the application and merits of the equitable doctrine of relative hardships under Montana law and state no view on it here. *See Penland v. Derby*, 220 Mont. 257, 260, 714 P.2d 158, 160 (1986) (declining to consider equitable easement theory first raised on appeal); compare *Allman*, 158 Mont. at 409-11, 492 P.2d at 913-14 (reversing order in equity compelling joint sale and division of proceeds to separate owners of building and land severed by separate foreclosure sales in favor of mandatory injunction compelling purchaser with notice to remove the resulting trespass).

23

cases, mandatory injunctive relief is not available to remedy a trespassing real property encroachment as a matter of right in every case.

¶30 Here, unlike in *Ducham* and *Olsen*, the District Court has yet to grant or deny permanent injunctive relief upon entry of final judgment following full consideration of the equities. The court's grant of summary judgment declaring the subject encroachments as trespasses was merely an interlocutory order. *Trombley*, ¶ 7. Permanent injunctions are available only upon entry of a final judgment. *Compare* § 27-19-102, MCA (final injunctions), *with* §§ 27-19-201 and -303, MCA (preliminary injunctions). In its summary judgment order, the District Court did not make a final determination precluding mandatory injunctive relief upon further proceedings prior to entry of final judgment. The court merely concluded that Davises presented "insufficient information" in support of their motion for summary judgment "to determine whether coercive supplemental relief" is "necessary or appropriate" in addition to money damages "at this point in time." In narrowly concluding that Davises "have provided no evidence upon which" to conclude, "*as a matter of law* that money damages" will be "insufficient to remedy the harm," the District Court merely concluded that Davises failed to satisfy their initial burden under M. R. Civ. P. 56 of showing a complete absence of any genuine issue of fact material to their requested equitable relief.

¶31 The parties fully submitted Davises' summary judgment motion to the court on their briefs. In support of the motion, Davises submitted only a one-page map prepared by a surveyor showing the boundary line encroachments, a copy of Westphals' November 13,

24

2015 letter accepting responsibility and apologizing for the encroachments, and the affidavit of Plaintiff Monte R. Davis regarding the nature, discovery, and continued existence of the encroachments. Though sufficient for the court to adjudicate the existence of continuing or recurring trespasses as a matter of law, this limited evidentiary record was insufficient to show a complete absence of any genuine issue of fact material as to whether the balance of the equities warranted the extraordinary remedy of a mandatory injunction compelling removal of the encroachments. This deficiency was particularly manifest when juxtaposed against the affidavit of Defendant Kathy L. Wilson and, as noted by the District Court, Westphals' stated willingness to remove the encroachments upon determination or negotiation of a reasonable deadline for removal. The summary judgment record was devoid of any evidence sufficient for the District Court to assess the urgency of removal and restoration, the burden and cost of removal and restoration, Westphals' means and ability to effect removal and restoration on the timeline requested, or any other relevant equitable consideration. Under these circumstances, we hold that, at this stage of the proceeding, the District Court's *interlocutory* denial of preliminary or final mandatory injunctive relief was neither irreconcilable with its summary judgment declaring a trespass nor a manifest abuse of discretion.

¶32 Davises failed to make any additional factual showing warranting injunctive relief in their subsequent M. R. Civ. P. Rule 59(e) or 60 *Motion to Correct*. Even if they had, Rule 59 and 60 motions may not serve as a vehicle to raise matters that the party reasonably could and should have earlier raised. *Lee v. USAA Cas. Ins. Co.*, 2001 MT 59, ¶ 76, 304

Mont. 356, 22 P.3d 631 (construing M. R. Civ. P. 59(e)); *Orcutt v. Orcutt*, 2011 MT 107, ¶ 11, 360 Mont. 353, 253 P.3d 884 (construing M. R. Civ. P. 60). We hold that the **District Court** did not abuse its discretion in denying Davises' subsequent motion to correct its prior summary judgment ruling.

## CONCLUSION

¶33 We hold that the District did not err at this stage in the proceedings in: (1) declining to grant other relief at law on Davises' common law ejectment claim; (2) declining to grant preliminary or final injunctive relief compelling immediate removal of the encroachments and restoration of the property; or (3) denying Davises' *Motion to Correct* those rulings. We hereby affirm the District Court's interlocutory rulings and remand for further proceedings in the ordinary course.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

26