Justice Jim Rice, dissenting.
¶23 I dissent from the Court's decision to reverse the Justice Court's injunction and remand this matter for further proceedings. The Court acknowledges we review the grant or denial of a preliminary injunction for manifest abuse of discretion, and that "[a] 'manifest' abuse of discretion is one that is obvious, *434 evident or unmistakable." Shammel , ¶ 12 ; Opinion, ¶ 8. However, the Court then, in my view, disregards these standards of review and second-guesses the trial court. Because "[t]he grant or denial of permanent or preliminary injunctive relief is highly discretionary and critically dependent on the particular facts, circumstances, and equities of each case," trial courts are given "broad discretion" in these determinations. Davis v. Westphal , 2017 MT 276, ¶¶ 23-24, 389 Mont. 251, 405 P.3d 73.
¶24 Citing Kasala , the Court concludes that because it was "possible to eliminate the objectional features" of Speck's bird feeding habits "without complete abatement," then it was error for the Justice Court to not do so. Opinion, ¶ 20 (emphasis added). However, to the contrary, the Justice Court did not order a complete abatement as in Kasala . There, the trial court enjoined the Kalispell Pee Wee Baseball League from using the public playground for baseball and ordered the removal of all baseball paraphernalia from the playground including backstops and light poles. Kasala , 151 Mont. at 110, 439 P.2d at 66. We held the trial court erred by ordering "the abatement of the use of the baseball field" because it was possible for the court to eliminate the objectionable features of the baseball league, as alleged by the plaintiff, without eliminating all baseball from the playground. Kasala , 151 Mont. at 116, 439 P.2d at 69.
¶25 Unlike the trial court in Kasala , the Justice Court did not prohibit all bird feeding by Speck, but imposed a restriction on "feeding birds within 100 feet of Simpkins' property." The record provides substantial evidence to support the Justice Court's order. Speck testified her property is 125 feet across. The Justice Court was aware of the Defendant's lot size when issuing its 100-foot restriction, and did not prohibit all feeding on Speck's property but merely limited it to one side. The court heard testimony from Mr. Gustin that bird droppings, feathers, body parts, and bird food were discovered on the West, North, and South sides of the Plaintiffs' property-not just on the parties' shared fence line. Despite Speck's asserted 50% reduction in the amount of ground feed she was providing the birds, and feeding birds ***518 a further distance from Plaintiffs' property, the court had ample evidence to conclude these remedial measures had not worked. During the parties' January 14, 2017 conversation, Speck expressed a belief she has an ethical duty to feed the birds in the wintertime and conveyed a refusal to alter her patterns. In fact, it was Speck who offered that litigation was the only way to solve the parties' differences. Speck testified to the efforts she has undertaken to attract birds to her property, admitted that more birds come to her house during the cold months than otherwise would naturally be there because of her feeding and watering, and acknowledged she can feed birds in the front and on the side of her house away from Plaintiffs' property. Speck insisted that the number of birds significantly decreases after the winter. However, by April 2017, four months after Speck claims to have mitigated the detrimental effects of her bird feeding, video evidence demonstrated that despite the spring weather conditions and no snow, a vast number of birds remained on the parties' properties, perching on the powerlines, walking on the roof, and flying over the Plaintiffs' driveway in what can only be described as flocks.
¶26 There is sufficient evidence to support the Justice Court's permanent injunction, as necessary and proper, based on its determination that damages resulting from Speck's conduct would continue and be "extremely difficult to quantify or ascertain." It is not obvious, evident or unmistakable that the Justice Court abused its discretion by enjoining Speck's use of open water during the winter months and restricting her bird feeding to areas on her lot further away from Plaintiffs' property. This matter was tried by the Justice Court and reviewed by the District Court. It should here be concluded. By reversing and remanding "with instructions to fashion appropriate injunctive relief," Opinion, ¶ 21, the Court not only usurps the broad discretion of the trial court, but needlessly prolongs this matter and imposes unnecessary further costs upon the parties.
¶27 I would affirm.
Justice Dirk Sandefur and Justice Laurie McKinnon join the dissenting Opinion of Justice Rice.