FILED

10/11/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0063

DA 22-0063

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 198N

MICHAEL A. SANTACROCE,

      Plaintiff and Appellee,

  v.

KENNITH G. FERRON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-19-1029(A)
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Stephanie M. Breck, Breck Law Office, PC, Columbia Falls, Montana

      For Appellee:

          Richard De Jana, Richard De Jana & Associates, PLLC, Kalispell,
Montana

Submitted on Briefs:  September 14, 2022

Decided:  October 11, 2022

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1　Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2　Kennith G. Ferron (Ferron) appeals from the Findings of Fact, Conclusions of Law and Order, and Judgment With Permanent Injunction entered by the Eleventh Judicial District Court, Flathead County, granting Michael A. Santacroce (Santacroce) injunctive relief and awarding Santacroce attorney's fees. We affirm.

¶3　Ferron owns property located at 3000 MT Hwy. 35 in Kalispell, Montana (Property). A set of restrictive covenants govern the use of the property, with the stated purpose to provide "country residential living." This case directly implicates three of the covenants: a covenant that forbids any use of the land for any commercial purpose, with exceptions for personal home office activity and sales activity necessary to promote the development of the subject property; a covenant that prohibits the use of any road on the property for an impermissible land use; and a provision for reasonable attorney's fees to the prevailing party in a suit brought on the covenants.

¶4　In 2004, Ferron built a gym on the property and created a parking area in front of the gym.[1] Ferron provided paid fitness services at the gym; his then-wife, Diane Ferron

---

[1] Facts taken from the District Court's Findings of Facts, Conclusions of Law and Order.

2

(Diane), provided paid dance training there. In 2010, Ferron and Diane began divorce proceedings, which finalized in or around 2015. In 2012, Vergena Mahilom (Mahilom) moved into the property. Mahilom maintains a workspace at the property for personal home office activity related to her occupation as a masseuse. As of 2015, Ferron and Mahilom operated a business called Edge Fitness from the gym.

¶5 In or around 2014, Ferron's financial situation changed which eventually precipitated an alleged end of commercial operations at the gym. Ferron claims that he financially sustained himself during this period by relying on savings, selling personal property, and borrowing money. He has not had to file any taxes since 2015. Ferron maintained that he had not performed any paid services on the property after 2016. He claimed that after his divorce, which was finalized well before 2016, he decided that providing paid fitness services was not worth the marginal income it produced nor the legal risk it created. However, Diane, now his ex-wife, testified that she still had friends paying for fitness services at the gym on the property.

¶6 At some point prior to February 2017, Mahilom wrote social media posts that implied commercial activity was continuing at the gym. One post advertised her location in Kalispell, her possession of fitness equipment, and a specific offer of 60 minutes of fitness training for $50. In 2019, Mahilom formed a limited liability company (LLC) called Advanced Functional Fitness and listed the property as the company's address. Mahilom testified that her employer required her to create the LLC and that she had no other address to provide.

3

¶7     In 2009, Santacroce acquired property near Ferron's property. At some point in 2014, Ferron provided fitness training to Santacroce's wife for a fee. That year Santacroce began complaining to Ferron about noises and vibrations from the gym. Santacroce also documented between eight and ten vehicles per day visiting the property and the immediate plowing of the parking area in front of the gym upon snowfall. In response to the noise complaints, Santacroce and Ferron reached an agreement regarding the volume level of music from the gym. Though Ferron complied with that volume level, Santacroce continued to complain. Ferron stopped answering calls from Santacroce.

¶8     On September 3, 2019, Ferron received a letter from Santacroce's legal counsel threatening legal action unless Ferron ceased any commercial activity at his gym and stopped the noises and vibrations emerging from the gym. Ferron did not alter his use of the property, and, on January 29, 2020, he was served with a summons and complaint.

¶9     On May 6 and 7, 2021, the District Court conducted a bench trial. The court granted Santacroce injunctive relief and awarded him attorney's fees. Ferron requested a hearing on his objection to the awarded fees. He also sought a new trial or relief from judgment. The court denied both of those motions. Ferron then withdrew his request for a hearing regarding the attorney's fees. On January 7, 2022, the court entered a judgment granting a permanent injunction, and awarded attorney's fees based on uncontested affidavits.

¶10     We review a district court's findings of fact to determine whether they are clearly erroneous. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or, if after

4

reviewing the record, we are left with a firm conviction that a mistake has been made. *Morley v. Morley*, 2022 MT 12, ¶ 11, 407 Mont. 241, 502 P.3d 666.

¶11 We review a district court's grant of injunctive relief for a manifest abuse of discretion. A manifest abuse of discretion is an obvious, evident, or unmistakable abuse of discretion. *Davis v. Westphal*, 2017 MT 276, ¶ 10, 389 Mont. 251, 405 P.3d 73.

¶12 Substantial evidence in the record supports the District Court's grant of injunctive relief for Santacroce based on Ferron's violation of the covenants applicable to the property. Neither party contests that for several years Ferron used the gym for a commercial purpose. Ferron and Mahilom, whether in their individual capacities or jointly, set up a number of commercial entities associated with fitness and the gym. They both continued to invite guests to the property for the explicit purpose of using the gym. Mahilom advertised fitness-related services on social media. Diane testified that her friends continued to pay for fitness services at the property. Santacroce documented continued vehicular traffic to the gym. This record supports the findings the District Court made that Ferron used his property for a commercial purpose.

¶13 The District Court did not abuse its discretion by granting Santacroce injunctive relief. The covenants explicitly grant parties with any right, title, or interest in any tract of the burdened territory the right to "prevent or stop violation of any of the covenants by injunction or other lawful procedure[.]" Santacroce complained for years about noises and vibrations coming from the property. He documented vehicular traffic to and from the gym. He observed patterns, such as the timing and prioritization of snow plowing, to validate his suspicions. The court included these facts and others in a comprehensive

5

summary of Ferron's violation of the covenants. Santacroce presented substantial evidence to support the injunctive relief granted by the District Court.

¶14 A district court lacks the discretion to deny a request for attorney's fees where a contract requires an award of fees. *See Gibson v. Paramount Homes,* 2011 MT 112, ¶ 10, 360 Mont. 421, 253 P.3d 903. We presume that contractual provisions that provide the prevailing party with attorney's fees cover fees arising from appellate costs and fees. *See Boyne USA, Inc. v. Lone Moose Meadows, LLC,* 2010 MT 133, ¶ 27, 356 Mont. 408, 235 P.3d 1269. Here, the covenants unambiguously provide for attorney's fees for the prevailing party in a suit arising from an alleged violation of the covenants. Santacroce did not cross-appeal but requests attorney's fees and costs incurred by Ferron's appeal. Santacroce is entitled to reasonable attorney's fees, including those incurred by this appeal. We remand for a determination of Santacroce's reasonable attorney's fees and costs arising from this appeal.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed, and remanded to the District Court for a determination of attorney's fees on appeal.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR