FILED

11/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0057

DA 22-0057

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 235

THOMAS PENNELL and MINDY PENNELL,

      Plaintiffs and Appellants,

    v.

NATIONSTAR MORTGAGE, LLC d/b/a
MR. COOPER; FIRST AMERICAN TITLE
COMPANY OF MONTANA, INC.;
DANIEL INMAN; and JOHN DOES 1-10,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DV-18-301
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Nathan G. Wagner, Siefert & Wagner, PLLC, Missoula, Montana

      For Appellees:

          Jason J. Henderson, Olivia L. Krebs, Mackoff Kellogg Law Firm, Dickinson, North Dakota

      For Amicus Curiae:

          Gerry P. Fagan, Jordan W. FitzGerald, Moulton Bellingham PC, Billings, Montana

Submitted on Briefs: September 28, 2022

Decided: November 22, 2022

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Plaintiffs and Appellants Thomas Pennell and Mindy Pennell appeal from the December 21, 2021 Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiffs' Cross Motion for Summary Judgment issued by the Second Judicial District Court, Butte-Silver Bow County. The District Court's order granted the summary judgment motion of Defendant and Appellee Nationstar Mortgage, LLC d/b/a Mr. Cooper (Nationstar) and denied the Pennells' cross-motion for summary judgment.

¶2 We address the following restated issue on appeal:

*In a foreclosure action arising under the Small Tract Financing Act, does a Trustee have authority to delegate to an agent its duty to give notice of the sale by certified mail, post notice of the sale of the property, and arrange to publish notice of the sale in a newspaper of general circulation prior to conducing a Trustee's Sale?*

¶3 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On March 29, 2009, the Pennells entered into a Deed of Trust under the Montana Small Tract Financing Act (STFA) to secure financing to purchase property in Butte-Silver Bow County with their lender, Taylor, Bean & Whitaker Mortgage Corp. The Deed of Trust designated Mortgage Electronic Registrations Systems, Inc., as the beneficiary. The Deed of Trust was thereafter assigned to Nationstar on February 1, 2016. On March 30, 2016, Nationstar appointed First American Title Company of Montana (First American) as the Successor Trustee pursuant to § 71-1-306, MCA. After the Pennells defaulted on their financial obligations under the Deed of Trust, First American began foreclosure

3

proceedings. On February 13, 2018, an employee of First American recorded a Notice of Trustee's Sale, which scheduled a Trustee's Sale of the property for June 28, 2018. On February 28, 2018, an employee of the Mackoff Kellogg Law Firm sent, via certified mail, true and correct copies of the recorded Notice of Trustee's Sale to the Pennells. The Affidavit of Mailing reflecting service on the Pennells was recorded in the Butte-Silver Bow County records on March 5, 2018. On March 21, 2018, an employee of Williams Investigations signed an Affidavit of Posting, stating he posted the recorded Notice of Trustee's Sale in a conspicuous place on the property on March 20, 2018. The Affidavit of Posting was recorded on March 28, 2018. On April 13, 2018, an employee of the Montana Standard signed a Proof of Publication, stating the Notice of Trustee's Sale was published in the paper for three consecutive weeks. The Proof of Publication was recorded on April 18, 2018. On June 24, 2018, the Trustee's Sale was held. The property was purchased by Daniel Inman at the sale. On July 19, 2018, First American executed a Trustee's Deed conveying the property to Inman. The Trustee's Deed was recorded on July 19, 2018.

¶5 On July 26, 2018, the Pennells filed a Complaint for Declaratory Judgment, seeking a declaration that the Trustee's Sale and resulting Trustee's Deed were void due to First American's failure to follow the requirements of the STFA. On November 12, 2019, Nationstar filed a motion for summary judgment. Nationstar's motion noted the Pennells' Complaint did not identify any procedural deficiencies in the foreclosure sale, but solely made a claim First American improperly delegated some of its duties to agents. Nationstar

4

asserted First American's delegation of some duties to agents complied with Montana law. On December 23, 2019, the Pennells filed the Plaintiffs' Combined Brief in Opposition to Nationstar's Motion for Summary Judgment and Brief in Support of Cross-Motion for Summary Judgment. The Pennells' cross-motion noted the facts of the case were not in dispute and the District Court should resolve the matter "purely through the interpretation of the applicable provisions of the STFA." The Pennells' cross-motion for summary judgment asserted the STFA expressly allows the Trustee to delegate only two tasks to agents: (1) to enlist a sheriff or constable to post a copy of the recorded notice of sale under § 71-1-315(1)(b), MCA, and (2) to allow the Trustee's attorney to sell the property at the Trustee's Sale under § 71-1-315(3), MCA, and First American's delegation of additional tasks to agents made the Trustee's Sale void. After briefing on the motions for summary judgment was completed, the District Court held a hearing on September 22, 2021.[1] On December 21, 2021, the District Court issued its Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiffs' Cross Motion for Summary Judgment.

¶6 The Pennells appeal.

**STANDARD OF REVIEW**

¶7 We review a district court's grant or denial of summary judgment de novo, applying the same criteria as M. R. Civ. P. 56. *Knucklehead Land Co. v. Accutitle, Inc.*, 2007 MT 301, ¶ 10, 340 Mont. 62, 172 P.3d 116. Summary judgment is only appropriate if there is

---

[1] A transcript of this hearing has not been provided by the Appellants and is not part of the record on appeal.

no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Kucera v. City of Billings*, 2020 MT 34, ¶ 6, 399 Mont. 10, 457 P.3d 952 (citing *Davis v. Westphal*, 2017 MT 276, ¶ 9, 389 Mont. 251, 405 P.3d 73).

## DISCUSSION

¶8    *In a foreclosure action arising under the Small Tract Financing Act, does a Trustee have authority to delegate to an agent its duty to give notice of the sale by certified mail, post notice of the sale of the property, and arrange to publish notice of the sale in a newspaper of general circulation prior to conducing a Trustee's Sale?*

¶9    This matter comes to us following cross-motions for summary judgment and none of the material facts are in dispute. The issue in this case solely concerns which duties a Trustee is allowed to delegate to agents under the STFA and is purely a matter of statutory interpretation. The Pennells assert a Trustee may only delegate two duties: (1) to enlist a sheriff or constable to post a copy of the recorded notice of sale under § 71-1-315(1)(b), MCA, and (2) to allow the Trustee's attorney to sell the property at the Trustee's Sale under § 71-1-315(3), MCA, and any other delegation is specifically precluded such that it would render an ensuing Trustee's Sale null and void. Nationstar asserts First American, as Successor Trustee, was legally allowed to delegate to agents its duties under the STFA to give notice of the sale by certified mail, post notice of the sale of the property, and arrange to publish notice of the sale in a newspaper of general circulation. We agree with Nationstar.

¶10    The controversy in this case solely involves the interpretation of the STFA. In such a case, we are mindful of our statutory mandate that

6

[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.

Section 1-2-101, MCA. "When interpreting a statute, our objective is to implement the objectives the legislature sought to achieve." *Mont. Vending, Inc. v. Coca-Cola Bottling Co.*, 2003 MT 282, ¶ 21, 318 Mont. 1, 78 P.3d 499 (citing *W. Energy Co. v. Dep't of Revenue*, 1999 MT 289, ¶ 11, 297 Mont. 55, 990 P.2d 767). We interpret a statute first by looking to its plain language and will not interpret the statute further if the language is clear and unambiguous. *Mont. Sports Shooting Ass'n v. State*, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003. "If the intent of the legislature can be determined from the plain meaning of the words used in the statute, the plain meaning controls, and this Court need go no further nor apply any other means of interpretation." *Mont. Vending, Inc.*, ¶ 21.

¶11 The Pennells assert Nationstar violated the STFA by delegating its duties to give notice of the sale by certified mail, post notice of the sale of the property, and arrange to publish notice of the sale in a newspaper of general circulation. Those duties, as relevant here, are governed by statute:

A trust deed may be foreclosed by advertisement and sale in the following manner:

(1) The trustee shall give notice of the sale in the following manner:

(a) At least 120 days before the date fixed for the trustee's sale, a copy of the recorded notice of sale must be mailed by certified mail to:

7

(i) the grantor, at the grantor's address as set forth in the trust indenture or if the grantor's address is not set forth in the trust indenture at the grantor's last-known address;

.  .  .

(b) At least 20 days before the date fixed for the trustee's sale, a copy of the recorded notice of sale must be posted in some conspicuous place on the property to be sold. Upon request of the trustee, the notice of sale must be posted by a sheriff or constable of the county in which the property to be sold is located.

(c) A copy of the notice of sale must be published in a newspaper of general circulation published in any county in which the property or some part of the property is situated, at least once each week for 3 successive weeks. If there is no newspaper of general circulation published in the county, then copies of the notice of sale must be posted in at least three public places in each county in which the property or some part of the property is situated. The posting or the last publication must be made at least 20 days before the date fixed for the trustee's sale.

Section 71-1-315(1), MCA.

¶12 It is without dispute that the Pennells were sent, via certified mail, a copy of the recorded notice of sale more than 120 days before the fixed date for the trustee's sale; that a copy of the recorded notice of sale was posted in a conspicuous place on the property to be sold more than 20 days before the date of the sale; and that a copy of the notice of sale was published in the Montana Standard, a newspaper of general circulation in Butte-Silver Bow County, at least once per week for 3 successive weeks more than 20 days before the date of the sale. It is also without dispute that these specific duties were performed by either the Mackoff Kellogg Law Firm or Williams Investigations, and not directly by First American.

8

¶13 With the notice requirements of the statute being met, the parties disagree only on which duties First American, as Successor Trustee, was allowed to delegate to an agent under the STFA. "Agency is 'the fiduciary relation which results from the manifestation of consent by one person to another' that the agent shall act on behalf of the principal subject to the principal's control and consent." *Associated Mgmt. Servs. v. Ruff*, 2018 MT 182, ¶ 36, 392 Mont. 139, 424 P.3d 571 (quoting *Butler Mfg. Co. v. J & L Implement Co.*, 167 Mont. 519, 523, 540 P.2d 962, 965 (1975)). "Every act that, according to this code, may be done by or to any person may be done by or to the agent of the person for that purpose unless a contrary intention clearly appears." Section 28-10-105(2), MCA. Put simply, under Montana law, "[e]xcept as otherwise provided by statute, a principal may authorize an agent to perform any act that the principal may lawfully perform." *Associated Mgmt. Servs.*, ¶ 36.

¶14 Nationstar asserts no contrary intention which would bar First American from delegating its duties to an agent clearly appears in the STFA. The Pennells contend a contrary intention must be read into the statute because, in two instances, the STFA provides for acts to be done by someone other than the Trustee. Those two instances cited by the Pennells are:

> A trust deed may be foreclosed by advertisement and sale in the following manner:
>
> (1) The trustee shall give notice of the sale in the following manner:
>
> .  .  .

(b) At least 20 days before the date fixed for the trustee's sale, a copy of the recorded notice of sale must be posted in some conspicuous place on the property to be sold. *Upon request of the trustee, the notice of sale must be posted by a sheriff or constable* of the county in which the property to be sold is located.

Section 71-1-315(1)(b), MCA (emphasis added), and:

On the date and at the time and place designated in the notice of sale, *the trustee or the trustee's attorney shall sell the property at public auction* to the highest bidder. The property may be sold in one parcel or in separate parcels, and any person, including the beneficiary under the trust indenture but excluding the trustee, may bid at the sale. The person making the sale may, for any cause the person considers expedient, postpone the sale for a period not exceeding 15 days by public proclamation at the time and place fixed in the notice of sale. No other notice of the postponed sale need be given. If a sale cannot be held at the scheduled time by reason of the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. 362, or of a stay order issued by any court of competent jurisdiction, the person making the sale may, as often as the person considers expedient, postpone the sale. Each postponement may not exceed 30 days, and all postponements, in the aggregate, may not exceed 120 days. Each postponement must be effected by a public proclamation at the time and place fixed in the notice of sale or fixed by previous postponement. No other notice of the postponed sale need be given.

Section 71-1-315(3), MCA (emphasis added).

¶15 The Pennells are correct that § 71-1-315(1)(b) and (3), MCA, provides for certain actions to be done by someone other than the Trustee. They are incorrect, however, in asserting we must therefore find a negative implication against delegation in the statute, because the plain words of the statute do not bar delegation of a Trustee's duties. "We will not interpret the statute further if the language is clear and unambiguous." *Mont. Sports Shooting Ass'n*, ¶ 11. "If the intent of the legislature can be determined from the plain meaning of the words used in the statute, the plain meaning controls, and this Court need

10

go no further nor apply any other means of interpretation." *Mont. Vending, Inc.*, ¶ 21. Had the Legislature sought to bar a Trustee from delegating its duties to give notice to a law firm or private investigator, it could have written such a bar into the statute. It did not.

¶16 To reach the conclusion sought by the Pennells, this Court would need to determine the STFA was ambiguous in some way and then engage in statutory construction to determine the intent of the Legislature. Specifically, the Pennells would have us apply the *expressio unius est exclusio alterius* canon of construction[2] to the STFA. It is unnecessary

---

[2] *Expressio unius est exclusio alterius* is a "canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative." *Expressio unius est exclusio alterius*, *Black's Law Dictionary* (11th ed. 2019). On occasion, we rely on this canon to help us interpret statutes which involve lists of terms. *See, e.g., Mont. Dep't of Revenue v. Priceline.com, Inc.*, 2015 MT 241, ¶ 21, 380 Mont. 352, 354 P.3d 631. "The canon depends on identifying a series of two or more terms or things that should be understood to go hand in hand, which are abridged in circumstances supporting a sensible inference that the term left out must have been meant to be excluded." *Chevron U.S.A. v. Echazabal*, 536 U.S. 73, 81, 122 S. Ct. 2045, 2050 (2002). While the "rule is fine when it applies," *Chevron U.S.A.*, 536 U.S. at 80, 122 S. Ct. at 2049, it has long been criticized by legal scholars. *See* Karl N. Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or Canons about How Statutes Are to Be Construed*, 3 Vand. L. Rev. 395, 401-05 (1950). A frequently-cited description of the judicial use of this canon comes from Professor Reed Dickerson:

> Several Latin maxims masquerade as rules of interpretation while doing nothing more than describing results reached by other means. The best example is probably *expressio unius est exclusio alterius*, which is a rather elaborate, mysterious sounding, and anachronistic way of describing the negative implication. Far from being a rule, it is not even lexicographically accurate, because it is simply not true, generally, that the mere express conferral of a right or privilege in one kind of situation implies the denial of the equivalent right or privilege in other kinds. Sometimes it does and sometimes it does not, and whether it does or does not depends on the particular circumstances of context. Without contextual support, therefore, there is not even a mild presumption here. Accordingly, this maxim is at best a description, after the fact, of what the court has discovered from context.

Reed Dickerson, *The Interpretation and Application of Statutes* 234-35 (1975). As succinctly stated recently by the D.C. Circuit Court of Appeals, "[w]hen context indicates a list is meant to

to do so here, however, because the language of the statute is not ambiguous and its plain meaning controls. *Mont. Vending, Inc.*, ¶ 21. Because there is no contrary intention specifically preventing delegation, First American's delegation of some of its duties to the Mackoff Kellogg Law Firm and Williams Investigations complied with the notice requirements of the STFA. In addition, we have previously found an indenture trustee did not breach its duties under the STFA when delegating its notice duties to a law firm. *Knucklehead Land Co.*, ¶¶ 12, 15; *see also Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 32, 373 Mont. 1, 313 P.3d 839 (Cotter and Baker, JJ., dissenting).[3]

¶17 Our conclusion that First American was allowed to delegate some of its duties to provide notice to the Pennells is further supported by consideration of the express purpose of the STFA. The policy statement of the STFA states:

> Because the financing of homes and business expansion is essential to the development of the state of Montana and because financing of homes and business expansion, usually involving areas of real estate of not more than 40 acres, has been restricted by the laws relating to mortgages of real property and because more financing of homes and business expansion is available if the parties can use security instruments and procedures not subject to all the provisions of the mortgage laws, it is the public policy of the state of Montana to permit the use of trust indentures for estates in real property of not more than 40 acres as provided in this part.

be exclusive, the 'canon' applies; when context does not so indicate, the 'canon' does not apply." *Doe v. SEC*, 28 F.4th 1306, 1314 (D.C. Cir. 2022) (per curiam).

[3] In reliance on the *Knucklehead Land Co.* decision, the U.S. District Court for the District of Montana has, on more than one occasion, ruled that an indenture trustee may delegate its duties under § 71-1-315, MCA. *See Joseph v. Bank of Am. N.A.*, No. CV-11-129-BLG-RFC, 2012 U.S. Dist. LEXIS 173944, at *3-5 (D. Mont. Dec. 7, 2012) (citing *Diehl v. ReconTrust Co., N.A.*, No. CV 09-169-M-DWM, 2010 U.S. Dist. LEXIS 52403, at *3-5 (D. Mont. May 27, 2010)).

Section 71-1-302, MCA. The STFA was "introduced to reduce the strain on the financing of improvements upon small tracts" and "streamlined and reduced obstacles to the foreclosure process." *Knucklehead Land. Co.*, ¶ 13. The Pennells' preferred interpretation of the statute would not serve the policy goals behind the STFA and would simply provide more obstacles. First American's law firm, to whom it designated some of the notice requirements, is located in Dickinson, North Dakota, approximately 555 miles away from the subject property. Under the Pennells' interpretation of the STFA, First American would have been required to designate the Mackoff Kellogg Law Firm as successor trustee before the firm could act in this case. Presumably, then, either an employee from that firm would be required to make the over 1100-mile round trip to post notice on the Pennells' property or the firm would be forced to, yet again, designate another successor trustee located closer to the property to post the notice. Such an interpretation of the statute, when Montana law explicitly allows agents to act on behalf of principals absent a clear contrary intention, is simply not reasonable and Montana law requires a court's interpretation of a statute to be reasonable. Section 1-3-233, MCA. We therefore reject the Pennells' assertion that an indenture trustee is prohibited, under the STFA, from delegating its notice duties to an agent.

**CONCLUSION**

¶18    The STFA does not contain an indication that a Trustee is barred from delegating certain notice duties to agents and the District Court correctly granted summary judgment in favor of Nationstar.

13

¶19   Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JIM RICE
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON