FILED

06/03/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0610

DA 24-0610

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 117N

360 RECLAIM, LLC, a Montana limited
liability company,

       Plaintiff and Appellant,

  v.

WILLIAM M. RUSSELL, an individual, and
MOUNTAIN VIEW INVESTMENTS, L.C.,
an Idaho limited liability company,

       Defendants and Appellees,

  v.

WILLIAM M. RUSSELL,

       Plaintiff and Appellee,

  v.

360 RECLAIM, LLC, a Montana limited
liability company,

       Defendant, Counter-Plaintiff,
       Third-Party Plaintiff and Appellant,

  v.

WILLIAM M. RUSSELL,

       Counter-Defendant and Appellee,

  and

U.S. TREASURY by and through the
INTERNAL REVENUE SERVICE,

       Third-Party Defendants.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-19-305(A)
Honorable Amy Eddy, Presiding Judge


COUNSEL OF RECORD:

    For Appellant:

        Kristin L. Omvig, Benjamin J. Hammer, Omvig Hammer Law, P.C.,
        Kalispell, Montana

    For Appellee William M. Russell:

        William M. Russell, Self-Represented, Pocatello, Idaho

    For Appellee Mountain View Investments, L.C.:

        Nicholas J. Lofing, Garlington, Lohn & Robinson, PLLP, Missoula,
        Montana

Submitted on Briefs:  April 9, 2025

Decided:  June 3, 2025


Filed:

_____
                   Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      360 Reclaim, LLC, (360 Reclaim) appeals the Eleventh Judicial District Court's, Flathead County, October 1, 2024 Order and Rationale on Remand and on Various Motions that granted Mountain View Investments, L.C.'s (MVI) request for summary judgment, finding William Russell had sufficiently redeemed his property after certain credits were applied to the redemption price.  We affirm.

¶3      Russell owned a 20-acre parcel of land near Columbia Falls, Montana.  Russell defaulted on loan payments, and 360 Reclaim purchased the property at a foreclosure auction on June 1, 2018.  The ensuing events have led to multiple proceedings before this Court.  *See KS Ventures, LLC v. Russell*, No. DA 18-0238, 2019 MT 4N, 2019 Mont. LEXIS 8 (*KS Ventures*); *Russell v. 360 Reclaim, LLC*, No. DA 18-0677, 2019 MT 178N, 2019 Mont. LEXIS 285 (*Russell I*); *360 Reclaim, LLC v. Russell*, No. DA 19-0450, 2020 MT 136N, 2020 Mont. LEXIS 1533 (*Russell II*); *360 Reclaim, LLC v. Russell*, 2023 MT 250, 414 Mont. 328, 540 P.3d 1046 (*Russell III*).

¶4      On June 3, 2019, Russell attempted to redeem the property by tendering $117,000 to 360 Reclaim through lender MVI.  Russell calculated the price by including $100,000 for the purchase price, one year's interest at 7.5% of $7,500, taxes of $7,243.58, and an

3

added safety margin of $2,256.42. 360 Reclaim disputed this amount. Subsequently, a legal battle ensued in which the issue focused on whether 360 Reclaim could claim cleanup costs as "maintenance expenditures" under § 25-13-802, MCA, as part of the redemption value. 360 Reclaim removed some scrap metal from the property as part of its cleanup and wished to add the cost of cleanup to the redemption price. Ultimately, the District Court found a redemption value of $119,480.51, not including the cleanup costs. The District Court determined cleanup costs could be included in the redemption price as maintenance expenditures, and therefore Russell's payment was not sufficient to redeem the property. A more detailed explanation of the underlying facts and history between the parties can be found in *Russell III*, ¶¶ 1-12.

¶5 Russell appealed, and this Court reversed and remanded back to the District Court. We held maintenance expenditures must be for maintenance of the real property, not maintenance of the redemptioner's personal property located on the real property. *Russell III*, ¶ 17. We found 360 Reclaim could not pursue cleanup costs of personal property as part of the redemption price. We remanded for determination of what credits, if any, Russell was entitled to against the redemption price and if Russell's payment substantially complied with the redemption statutes. *Russell III*, ¶ 19. Russell maintained he was not credited for $4,606.75 from the sale of metals to Pacific Steel and the sale of his lawn mower, tenant rents in the amount of $4,000, and a converted ATV valued at $8,000.

¶6 On remand, 360 Reclaim filed a motion for summary judgment, and Russell filed a similar motion for summary ruling. MVI filed a brief restating its prior motion for

4

summary judgment in which it argued Russell should be credited $4,606.75 for the sale of his scrap metal and lawn mower, bringing the redemption price down to $114,873.76. The District Court denied Russell's and 360 Reclaim's motions for summary judgment and granted MVI's motion for summary judgment. The District Court discussed the redemption requirements under § 25-13-802, MCA. MVI only requested credits for the sale of scrap metal and the lawn mower—credits that 360 Reclaim stipulated to. As such, the District Court found that the $4,606.75 credit for the scrap metal and lawn mower sale brought the redemption price below what Russell had tendered, and therefore the court found Russell had successfully redeemed the property.

¶7 However, while 360 Reclaim was previously in possession of the real property, the District Court ruled in a prior proceeding that Russell had a certain amount of time to remove his personal property from the real property, otherwise it would be deemed abandoned and awarded ownership to 360 Reclaim. Because of this, on remand, the District Court posed the issue of how Russell could have abandoned his personal property when it was located on real property that he was entitled to occupy and possess after successfully redeeming it. Thus, while the District Court found Russell had redeemed the property, it ordered the parties to brief the issue regarding personal property.[1]

---

[1] Even though the District Court granted MVI's request for summary judgment on the issue of whether Russell successfully redeemed the property, the issue of Russell's personal property remained pending. This Court assumes jurisdiction to review the appeal under M. R. App. P. 6(3)(h) which provides in a civil action a party may appeal from "an order directing the delivery, transfer, or surrender of property." Further, this Court found in a November 20, 2024 Order that "there is no question that this [October 1, 2024] order is the District Court's final order regarding this specific real property. The fact that the court has yet to rule on *other* property does not affect the finality of its ruling regarding *this* property." Order, Nov. 20, 2024 (emphasis in original).

¶8 This appeal focuses on the District Court's determination that Russell successfully redeemed the property after the credits were applied. The issues on appeal are (1) whether the District Court erred in determining the redemption substantially complied with the redemption statutes, (2) whether the District Court failed to analyze which of 360 Reclaim's claimed maintenance expenses pertained to real property versus personal property and whether they should be included in the redemption price pursuant to § 25-13-802(3), MCA, and (3) whether the District Court improperly reopened the settled issue of personal property abandonment and ownership.

¶9 This Court reviews a district court's summary judgment ruling de novo for conformance to the applicable standards specified in M. R. Civ. P. 56. *Whitefish 57 Commer., LLC v. City of Whitefish,* 2023 MT 176, ¶ 9, 413 Mont. 349, 536 P.3d 395. Summary judgment is proper when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). A genuine issue of material fact is an inconsistent fact that is material to the elements of a claim or defense at issue, and it is not amenable to judgment as a matter of law. *Davis v. Westphal,* 2017 MT 276, ¶ 12, 389 Mont. 251, 405 P.3d 73.

¶10 First, we consider whether the District Court erred in determining the redemption substantially complied with the redemption statutes. Section 25-13-802, MCA, provides that a redemptioner may redeem the property from the purchaser within one year of the sale if the redemptioner pays the purchase price with interest, taxes and interest on the tax amount, and maintenance expenses for the property. In *Russell III*, this Court found that

6

maintenance expenses, as provided in § 25-13-802(3), MCA, must be for maintenance of the real property, not personal property located on the real property. *Russell III*, ¶ 17.

¶11 On appeal, 360 Reclaim asserts the District Court failed to analyze whether the $117,000 redemption substantially complied with § 25-13-802, MCA. According to 360 Reclaim, the total redemption price after any credits should be $151,731.90. We do not find 360 Reclaim's argument on appeal persuasive.

¶12 The District Court properly analyzed the redemption statute on remand. The District Court specifically referenced § 25-13-802, MCA, in its analysis and pointed out several possible credits that Russell may be entitled to. MVI only claimed entitlement to credits for the sale of scrap metal and the sale of the lawn mower—credits both parties stipulated to. The District Court used the redemption price this Court determined in *Russell III*, $119,480.51, and subtracted the price of the scrap metal and lawn mower, $4,606.75, for an offset redemption price of $114,873.76. As Russell tendered $117,000, the District Court found he successfully redeemed the property according to the requirements in § 25-13-802, MCA.

¶13 As part of its analysis, the District Court also discussed 360 Reclaim's argument that the redemption price was actually $151,731.90. The court found 360 Reclaim's argument was not well-founded because this Court previously determined the redemption price, which was the sum of the purchase price, property taxes, and interest. The District Court pointed out that this Court also specifically rejected 360 Reclaim's position that any other amounts should have been included in the redemption price. The District Court properly relied on this Court's holding in *Russell III* for its analysis under § 25-13-802,

7

MCA. After reviewing the record and briefs on appeal, we find 360 Reclaim has not asserted any genuine issue of material facts that preclude summary judgment on this issue. Rather, 360 Reclaim attempts to relitigate the issue of the redemption price on remand which is improper.

¶14 Next, we consider whether the District Court failed to analyze which of 360 Reclaim's claimed maintenance expenses pertained to real property versus personal property and whether they should be included in the redemption price pursuant to § 25-13-802(3), MCA. 360 Reclaim argues on appeal the District Court failed to consider whether certain maintenance costs—including roof repairs, electrical work, plumbing repairs, insulation installation, and compliance with abatement orders—related to the maintenance of the real property should be added to the redemption price. MVI argues that 360 Reclaim did not disclose any of those costs listed at any point in the past five years of litigation—including when Russell requested a redemption payout amount in 2019. Rather, 360 Reclaim provided a redemption payout table that did not identify any of the costs now enumerated.

¶15 As noted above, this Court stated the redemption price was $119,480.51 in *Russell III*. Thus, on remand, the District Court was precluded from further examining what counts as maintenance expenses related to the property. The District Court's duty on remand was to determine what credits Russell was entitled to and whether his payment adhered to the statutory requirements. 360 Reclaim's arguments on appeal have already been litigated, and thus, we find no disputed material facts that preclude summary judgment on this issue.

¶16 Finally, we consider whether the District Court improperly reopened the issue of personal property abandonment and ownership. On appeal, 360 Reclaim asserts the District Court erred by reopening the issue of personal property when it already ruled on that issue in its January 11, 2021, and January 31, 2022 orders. In those orders, the court provided a time by which Russell was required to remove his personal property, otherwise it would be deemed abandoned and awarded to 360 Reclaim. According to 360 Reclaim, these orders were not appealed and became final.

¶17 However, the District Court has not yet issued an appealable order regarding this issue. In the October 1, 2024 Order, the District Court requested the parties to further brief the issue of whether Russell could have abandoned personal property on the real property when he was statutorily entitled to possession of the property. Accordingly, we will not address an issue not yet decided by the District Court.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ KATHERINE M BIDEGARAY